Frank J. Nascone et al., Appellants *v.* Ross Township Zoning Hearing Board et al., Appellees.

Argued October 3, 1983, before President Judge CRUMLISH, JR. and Judges BARRY and BARBIERI, sitting as a panel of three.

*Frederick A. Boehm,* with him *Patrick J. Clair, Goehring, Rutter & Boehm,* for appellants.

*James W. Dunn, Jr.,* for appellees, Herbert L. and Nancy Rose Berie, his wife et al.

*John M. Means, Markel, Schafer & Means, P.A.,* for appellee, Ross Township Zoning Hearing Board.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 11, 1984:

Nascone appeals an Allegheny County Common Pleas Court's affirmance of a decision of the Ross Township Zoning Hearing Board which had reversed the Township Commissioners' approval of Nascone's shopping mall development plan. We affirm.

Nascone submitted an application for site plan approval of a proposed shopping mall to the Township Planning Commission on November 19, 1981, pursuant to the Ross Township Subdivision and Land Development Ordinance (Development Ordinance). The property consists of 168 acres fronting on McKnight Road, Ross Township, Allegheny County, whose use as a shopping mall is expressly permitted under its C-1 Zoning—"Highway Commercial District."[1]

_____

[1] Nascone had previously sought and obtained a rezoning of the subject property from Residential District 1 to Commercial District 1.

Prior to the Planning Commission's official action on the preliminary plat, the Township Commissioners, in a separate action,[2] voted on December 14, 1981, to accept from Nascone a dedication of a deed for street purposes, which provided for a development agreement for future improvements of the right-of-way. The agreement provided that the dedicated street would be an access road to the site plan under consideration. The dedicated street (Road A) was to connect McIntyre Road with the proposed mall. McIntyre Road runs behind the proposed mall through a residential area.

On January 27, 1982, the Planning Commission recommended acceptance of the proposed shopping mall plan to the Township Commissioners subject to the condition that McKnight Road be the only access.[3] On February 9, 1982, the Township Commissioners voted to accept the final plan for the subdivision subject to certain screening conditions, but rejected the Planning Commission's recommendation that McKnight Road be the only access road. The rejection of the Planning Commission's recommendation was apparently made on the assumption that the Township was bound to permit access by reason of the separate acceptance of the deed of dedication.

A group of property owners appealed the decision, and the Zoning Hearing Board reversed the Commissioners' approval of the Road A right-of-way from

---

[2] The membership of the Township Commission was due to change on the first Monday of January 1982 as a result of the municipal election in November of 1981. Thus, the Commission that accepted the deed dedication was not the *same* Commission that voted to accept the site plan.

[3] The Planning Commission also recommended that there be thirty feet of screening between the site and all contiguous residentially-zoned property.

McIntyre Road as an access road. Nascone appeals the Allegheny County Common Pleas Court's affirmance of the Zoning Hearing Board.

Where the court of common pleas did not take additional evidence, its scope of review is to determine if the local agency committed an error of law and whether its necessary findings are supported by substantial evidence. The court may not substitute its judgment for that of the local agency unless the board manifestly abused its discretion. *Ramondo v. Zoning Hearing Board of Haverford Township,* 61 Pa. Commonwealth Ct. 242, 245, 434 A.2d 204, 206 (1981).

Our review of the evidence and applicable ordinances leads us to conclude that the Zoning Hearing Board was correct in reversing the decision of the Township Commissioners. Nascone dedicated Road A to the Township under Section 2020 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §57020. Nascone maintains that, by dedicating the road in this manner, the subdivision ordinances relating to streets are not violated because Road A was not part of the plan submitted for approval. He argues that Road A merely provides access to the plan. We disagree. Section 2019 of The First Class Township Code, 43 P.S. §57019, provides: *inter alia,* that Section 2020, the street dedication provision, shall apply only in cases where the township has failed to adopt land subdivision regulations and to situations not covered by such regulations. Ross Township has indeed adopted regulations which would have precluded such an access road. The effect of Nascone's bifurcated site and land development plan would circumvent these regulations.

A review of the Development Ordinance discloses that Road A should have been included as part of the site plan and submitted to the Planning Commission.

Section 1167.03(b)(2) of the Development Ordinance requires submission of a key map showing the relationship between the land being developed and adjoining property and "all streets [and] roads . . . existing within 200 feet of any part of the property." Section 1167.03(b)(9) of the Development Ordinance requires identification of streets of record, recorded but not constructed, on or abutting the tract. Section 1167.03(b)(11) of the Development Ordinance provides for submission of a full plat, including "[a] location and width of all streets and rights of way." Under Section 1171.01(b) of the Development Ordinance, after submission of the final plan, the Planning Commission and Township Commissioners are required to consider "the relationship of the proposed . . . development with previously developed land and undeveloped land in the Township; *the provisions for access* to the undeveloped land through any proposed subdivision or development; . . . *and conformity* to the comprehensive plan, *to the Zoning Ordinance* and other applicable ordinances of the Township." (Emphasis added.) If submitted as part of the plan, as required, Road A would not have been accepted as an access road because of its violation of Section 1109.07 of the Township Zoning Ordinance. This section provides that, when a commercial zone abuts a residential area, its rear yard shall not be used for ingress or egress. The bifurcated site plan submission has effectively circumvented this otherwise applicable ordinance.

Having found that, under the Development Ordinance Road A had to be included and submitted as part of the site plan and not dedicated through a seemingly disjointed process, we hold that the Zoning Hearing Board did not commit an error of law and its findings are supported by substantial evidence.

Affirmed.

## ORDER

The order of the Court of Common Pleas of Allegheny County at No. SA 460 of 1982, dated March 15, 1983, is hereby affirmed.