## All Saints' Episcopal Church v. Zoning Board of Adjustment of the Township of Hopewell

*William R. Banyasz, Richard A. Alberti,* for appellant.

*Daniel J. Mancini,* for appellee.

MANNIX, *J.,* May 10, 1985—This matter is before the court on appeal from the decision of the Zoning Board of Adjustment of the Township of Hopewell denying the application of appellant, All Saints' Episcopal Church, for a special exception to build a church on the subject property. Appellant filed its application for a special exception on October 1, 1984, to erect a church on property located at the end of Westfield Drive, off the Gringo-Independence Road, Tax Parcel no. 65-203-0157-00. The area in which this parcel is located is zoned for mixed use. A hearing was held before appellee on October 29, 1984, at which representatives of appellant, protesting residents of the area, a realtor and a city planner testified. Appellee issued an order, accompanied by findings of fact and discussion, on December 11, 1984, denying the application and the present appeal followed on January 10, 1985.

In its denial of the application, appellee set forth three major reasons for its decision: (1) situating a church in a mixed use zone is contrary to the

envisioned commercial purpose of the Township's Zoning Ordinance for said zone; (2) a church located at the end of Westfield Drive would exacerbate an already existing traffic problem; and (3) definite plans and specifications for the proposed structure were not submitted.

At the appeal hearing, no additional testimony was taken and the parties agreed to submit the matter on the October 29, 1984 record. Thus, our scope of review is limited. Where a trial court does not take additional evidence, its function is merely to review the action of the board based on the existing record in order to determine whether the board committed a manifest abuse of discretion or an error of law. Appeal of deBotton, 81 Pa. Commw. 513, 474 A.2d 706 (1984); Pyzdrowski v. Board of Adjustment of the City of Pittsburgh, 437 Pa. 481, 263 A.2d 426 (1970). Nor may the court substitute its judgment for that of the board unless the board has manifestly abused its discretion. Nascone v. Ross Township Zoning Hearing Board, 81 Pa. Commw. 482, 473 A.2d 1141 (1984); Ramondo v. Zoning Hearing Board of Haverford Township, 61 Pa. Commw. 242, 434 A.2d 204 (1981). We therefore proceed to a review of the decision of the appellee in light of the standards enunciated above.

After a careful examination of the evidence presented and the board's decision, it is clear to this court that no error of law has been committed. This leaves us with appellant's contention that the refusal of the board to grant a "special exception" based on the three reasons given for said refusal, constituted a manifest abuse of discretion. We shall look at the reasons given for refusal separately; if any one of them is reasonable grounds, then it cannot be said that the board abused its discretion even though this court would have reached a different conclusion.

First, we agree with appellant that it is unreasonable for appellant to expend thousands of dollars procuring detailed architectural plans for the proposed church before the board has ruled on appellant's application for a special exception. During appellee's hearing of October 29, 1984, witnesses for appellant gave testimony as to the proposed dimensions, location and landscaping of the church. Testimony was also adduced which indicated that architectural plans for the church would cost approximately $24,000. These statements certainly do not bind appellant to a particular design or location and appellee's concerns could be effectively handled by the imposition of reasonable conditions on appellant, had the latter's application been approved.

Second, while the board noted increased traffic and inadequate street parking as an additional reason for denying appellant's application, it is clear that said evidence falls short of the governing standards in such cases:

"It is not any anticipated increase in traffic which will justify the refusal of a special exception in a zoning case. The anticipated increase in traffic must be of such character that it bears a substantial relation to the health and safety of the community. A prevision of the effect of such an increase in traffic must indicate that not only is there a likelihood but a high degree of probability that it will affect the safety and health of the community, and such prevision must be based on evidence sufficient for the purpose . . ." Archbishop O'Hara's Appeal, 389 Pa. 35, 53-54, 131 A.2d 587, 596 (1957). Accord, Foster Grading Company v. Venango Township Zoning Hearing Board, 49 Pa. Commw. 1, 412 A.2d 647 (1980); Susquehanna Township Board of Commissioners v. Hardee's Food Systems, Inc., 59 Pa.

Commw. 479, 430 A.2d 367 (1981). Therefore, had appellee's denial of appellant's application been based solely on increased traffic problems, appellee's decision would, in the present case, be reversed.

Finally, we reach the issue of appellant's failure to comply with the standards, spirit and intent of the Hopewell Zoning Ordinance. Hopewell Township is divided into nine zoning classifications: Four residential, two commercial, two industrial and one "mixed use". Religious uses are permitted in all four residential zones and are not mentioned in the other zones. The subject property is situated in the mixed use zone in which the following uses are specifically permitted in section 1000 of the Hopewell Zoning Ordinance:

    A.  Principal Uses

        1.  Multi-family dwelling units

        2.  Commercial uses:

            a.  Restaurants and motels

            b.  General business and professional offices

            c.  Retail and service oriented businesses

            d.  Banks and financial institutions

            e.  Recreation facilities, theaters, bowling alleys, etc.

            f.  Vehicle service stations

            g.  Medical and dental offices

        3.  Vertically integrated commercial-residential uses

        4.  Research and development facilities

        5.  Municipal recreation facilities

    B.  Accessory Uses

        1.  All uses customarily incidental to a principal permitted use

        2.  Signs as provided — Article XV

        3.  Parking and loading as provided in Article XVI

Also "Special exception" uses are permitted in Mixed-Use Districts as stated in section 1001 of the ordinance:

"Where the zoning hearing board has held a public hearing, been assured that the standards and criteria governing the granting of a special exception (Article XVIII) have been met within the purpose and intent of this ordinance, and that no hazardous conditions will result:

A. Institutional Uses"

Under the definitions section of the township's zoning ordinance (i.e., Article III, Section 301), institutions are defined as follows:

"INSTITUTIONS: A non-profit organization, society or corporation established within or outside of the community, especially one of a public character for the purpose of promulgating the health, welfare and well-being of the community."

The granting of special exceptions is governed by sections 1800 and 1801 of the ordinance. Section 1800 concerns general standards and criteria while section 1801 delineates specific performance standards which must be met. After consideration of these sections of the ordinance, it is clear that appellant has satisfied or would satisfy all standards and specifications with the possible exception of section 1800A:

"A. No use or structure shall be allowed which shall contravene or violate the spirit and intent of the purposes and community development objectives of this ordinance."

One of the avowed purposes of the ordinance is "coordinated and practical community development" (section 102A). In the opinion of the appellee, the presence of a church in a mixed-use zone would contravene the intent of the ordinance; namely, that mixed-use areas be commercially developed for the

benefit of the township including benefits that naturally flow from taxable development. The list of permitted uses clearly indicates that the mixed-use zone (and there is only one such zone in the entire township) is one intended for commercial uses, subject to the grant of a special exception for a non-profit organization or society whose purpose is promulgating the health, welfare and well-being of the community providing sections 1800 and 1801 of Article XVIII of the Township Zoning Ordinance have been fully complied with.

Given the facts of this case as developed at the October 29, 1984, zoning board hearing; the Township Zoning Ordinance, particularly Articles III, X and XVIII thereof; and the board's reasoning as set forth in its written opinion of December 11, 1984; it is impossible for this court to find that the appellee has manifestly abused its discretion. This is not to say that on these facts this court would have reached the same conclusion as the board for it would appear to the court that many of the permitted uses in the mixed-use zone, which are commercial in nature, would prove far more noxious to the residents of Westfield Drive than the proposed church. However, that issue is not before us at the present time. What is before this court is whether the board manifestly abused its discretion in this case by denying appellant a special exception to construct a church on the subject property. We find that it did not.

For the foregoing reasons, the following order is entered.

## ORDER

And now, this May 10, 1985, after due consideration of the arguments of counsel for appellant and

appellee and a careful review of the record, this court orders and decrees as follows:

The decision of the zoning hearing board denying All Saints' Episcopal Church's application for a special exception is affirmed.