**Rees v. Board of Supervisors of Indiana Township**

*Edward A. Gamble, Thomas L. Synder and David Majock,* for appellant.

*Kevin F. McKeegan,* for Board of Supervisors of Indiana Twp.

NARICK, *A.J.,* August 19, 1985—This is an appeal by Jack Rees from the denial of his application for tentative approval of a planned residential development (PRD). After public hearings and vigorous public discussion, the Board of Supervisors of Indiana Township (board) denied appellant's application on April 9, 1985. This appeal was filed on May 8, 1985. On June 6, 1985, David Ravella, a neighboring resident, petitioned to intervene in the appeal, which petition we granted.

After filing his appeal, appellant submitted a modified proposal to the board. At a regularly scheduled township meeting on June 11, 1985, the board adopted a resolution authorizing the settlement of this appeal and approving appellant's application subject to certain conditions set forth in a settlement agreement. Intervenor, however, continues to oppose the approval of the PRD plan.

Where, as here, we received no additional evidence, we do not make an independent determination of the merits of appellant's application but rather are limited to reviewing the findings and conclusions of the board. E.g., Nascone v. Ross Township Zoning Hearing Board, 81 Pa. Commw. 482, 473 A.2d 1141 (1984). The only substantial objection cited by the board in its decision to deny the application has been satisfied by one of the conditions set forth in the settlement agreement. We agree with the board that testimony from residents indicating that the creek into which appellant

planned to discharge effluents flows only intermittently during the summer months raised a question as to the feasibility of the proposed private on-site sewage disposal system. However, appellant has agreed to use of the township's public sanitation system rather than the proposed private system. We therefore need not decide whether possible problems with the adequacy of the private system would be grounds to sustain the denial of the application or would instead merit remand to the board to consider other appropriate alternatives.

The remaining findings and conclusions of the board do not support its decision to deny the application. General statements that the proposed development would not be "harmonious" with and would not "relate well" to the neighborhood, and the plan's inconsistency with the township's comprehensive plan and with otherwise applicable zoning provisions without explanation of why variations expressly contemplated by the township's PRD ordinance would in this case be contrary to public interest, are not specific, substantial and exceptional public interest objections which would justify the denial of the application. E.g., Appeal of Molnar, 64 Pa. Commw. 578, 441 A.2d 487 (1982). As to the board's finding that the proposed development would create a traffic hazard, the evidence indicated only that the development would increase traffic in an area where dangerous conditions already exist. An increase in traffic alone is not grounds for denying the application, although the board may attach reasonable conditions to approval of the plan to avoid aggravation of the existing problem. Molnar, supra. This the board has done in the settlement agreement by requiring the installation of a stop sign and other traffic controls as well as adequate visibility from the development's access road.

Finally, intervenor contends that the board erred in approving the modified plan and settlement agreement at a regular township meeting. We will not refuse approval of the application on this ground as there is no showing that intervenor was prejudiced by the board's procedure. See Jeske v. Upper Yoder Township, 44 Pa. Commw. 13, 403 A.2d 1010 (1979); Board of Commissioners of O'Hara Township v. Hakim, 19 Pa. Commw. 661, 339 A.2d 905 (1975). Intervenor and other residents had an opportunity to present their views at two special meetings held by the board. Having considered their objections, the board made findings and conclusions. When it subsequently appeared that the specific adverse findings of the board could be corrected by feasible and economically reasonable conditions,[1] we cannot say that the board was obligated to hold a third special meeting and to reconsider the entire application ab initio.

For the foregoing reasons, we enter the following

## ORDER OF COURT

And now, this August 19, 1985, it is hereby ordered, adjudged and decreed, that appellant's planned residential development application be approved subject to the terms and conditions set forth in the written settlement agreement and stipulation of June 11, 1985,[2] between appellant and appellee, attached hereto and incorporated into and made a part of this order.

---

1. We note that with regard to objections to the private sewage system, testimony at the special hearings indicated that connection to the public system was not possible.

2. See attached Appendix.

## APPENDIX
## SETTLEMENT AGREEMENT AND STIPULATION

And now, this June 11, 1985, this settlement agreement and stipulation is made and entered into between Jack Rees, hereinafter called "developer" and the Township of Indiana, Allegheny County, Pa., hereinafter called the township,

Whereas, pursuant to the Pennsylvania Municipalities Planning Code, hereinafter referred to as "MPC", the township has enacted an ordinance permitting planned residential developments in certain areas of the township, and

Whereas, the developer has filed with the township an application for tentative approval of a planned residential development, hereinafter referred to as "PRD", all of which application is incorporated herein by reference, and

Whereas, the land which is the subject of these proceedings is situated within a district under the zoning ordinance in which a PRD may be permitted, and

Whereas, after notice and hearings, the township, by written decision, denied the request for tentative approval of the PRD, a copy of the township's decision is attached hereto, marked exhibit "A" and incorporated herein, and

Whereas, the developer has appealed from the decision of the township rejecting the tentative approval to the Court of Common Pleas of Allegheny County, Pa., said appeal being filed at No. SA 705 of 1985, all of which appeal is incorporated herein by this reference, and

## EXHIBIT A

Whereas, the developer and township have entered into negotiations and agreed to amicably re-

solve the terms and conditions under which the township would approve the developer's PRD,

Now, therefore, the developer and township hereby stipulate and agree as follows:

1. The foregoing recitals are incorporated herein by reference.

2. In its decision rejecting the tentative approval of the developer's PRD, the township listed six findings to support the rejection. In order to settle, compromise and resolve the aforesaid judicial proceedings, the township, in accordance with all applicable provisions of the planned residential development ordinance and the Pennsylvania Municipality Planning Code, hereinafter referred to as "MPC", hereby issues and grants to the developer a tentative approval of his PRD subject only to the following conditions which conditions the township declares will adequately provide for the public health safety and welfare and remedy those items which led to the initial rejection of the PRD:

(A) Developer will abandon the proposed use of a private sewage treatment plant and agrees to connect to the public sanitation system. The township agrees to the submission by developer of a revised planning module to the Department of Environmental Resources, facilitating the connection to the public sanitation system and the township shall take all actions and execute and deliver all documents and writings as may be necessary to accomplish the same.

(B) Developer shall provide appropriate landscaping to screen existing adjacent residential properties from adverse effects of lighting, traffic and site improvements.

(C) At the request and with the approval of the Allegheny County Department of Roads, developer shall furnish a stop sign so as to control northbound

traffic on Dorseyville Road.

(D) The access way from the project site to Rawlins Run Road shall be designed so as to provide adequate visibility of vehicular traffic in both directions and appropriate traffic controls shall be installed at the project exit to control entry onto Rawlins Run Road.

3. The township acknowledges that the approval of a planned residential development consistent with the ordinances of the township obviates all other zoning controls and regulations in the subject district and that the subject property is located in a R-2 district and that in such district the applicable ordinances provide a planned residential development as a permitted use.

4. Developer agrees to be bound by and comply with each of the foregoing conditions attached to the issuance of the tentative approval by the township in this settlement agreement and stipulation.

5. The township agrees to and shall promptly issue a final approval of the PRD as required by the applicable ordinances and laws, provided only that the application for final approval complies with the terms and conditions hereinabove set forth for the tentative approval and the other applicable laws and regulations of the township and other appropriate governmental regulatory bodies.

6. The township agrees to take all actions and execute and deliver all documents, instruments and writings as may be necessary to:

(1) The issuance of the tentative approval granted by this settlement agreement.

(2) To comply with the requirements and obtain the requisite approvals of the Pennsylvania Department of Environmental Resources, the Deer Creek Drainage Basin Authority for connection to the pub-

lic. sanitation system and/or all' other appropriate governmental bodies or entities.

(3) The issuance of the final approval subject only to·the terms and conditions set forth in this Agreement.

(4) Effectuate the provisions of this Settlement Agreement and Stipulation.

7. The township at a regularly scheduled public meeting held on June 11, 1985, adopted a resolution authorizing the Mayor of the township to execute this settlement agreement and stipulation and further authorized and directed the township solicitor to join with developer in filing a joint motion to the Court of Common Pleas of Allegheny County for the entry of a consent order settling the legal proceedings and terminating the case consistent with the provisions of this agreement.

8. The parties agree that this entire settlement agreement and stipulation or any part hereof may be filed with the papers in the aforesaid legal proceedings at No. SA 705,1985 and that this entire agreement, or any part hereof, may be entered as a court order for the purpose of making it enforceable· under the laws of the Commonwealth of Pennsylvania.

9. The provisions of this agreement and their legal effect have been fully explained to the parties by their respective counsel. Each party acknowledges and accepts that this agreement is fair and equitable and that it is being entered into freely and voluntarily after having received such advice and with such knowledge and that the execution of this agreement is not the result of any duress, collusion or improper or illegal agreement or agreements. This agreement is made for the purpose of settling, compromising and resolving the'appeal which has been filed by the developer in accordance with the powers and au-

thority granted to the township by the applicable laws.

In Witness whereof, the Township of Indiana and Jack Rees, intending to be legally bound hereby, have entered into this settlement agreement and stipulation the day and year first above written.