544 A.2d 1101

Zoning Board of Adjustment and City of Philadelphia, Appellants *v.* Cecilia T. Pasha, Appellee.

Argued June 13, 1988, before Judges CRAIG and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Thomas J. Wamser*, with him, *Rosalie M. Leonard*, Chief Assistant City Solicitor, for appellants.

*Stephen H. Skale, Cavaliere and Skale, P.C.*, for appellee.

OPINION BY JUDGE. CRAIG, July 27, 1988:

The City of Philadelphia appeals an order of the Court of Common Pleas of Philadelphia County which reversed the city's Zoning Board of Adjustment's denial of a variance application filed by Cecilia T. Pasha. Pasha had applied for a variance so that she could erect a

second-floor deck and carport in the backyard of her property. We now reverse the trial court's decision.

On October 14, 1986, Pasha filed an application with the Department of Licenses and Inspections (department) for a zoning or use registration permit to build a second-floor fenced deck with a carport underneath to provide off-street parking for her single-family home. In addition to the deck and carport, Pasha sought to enclose her yard with a six-foot high fence. The proposed design included an opening on the north side of the property to serve as an entrance to the parking area under the deck, and a three-foot high cinderblock fence surrounding the second-floor deck. The department denied Pasha's application, finding that the proposed use did not comply with rearyard, open area and setback requirements of section 14-206 of the Philadelphia Zoning Code (code), and that the proposed fence height exceeded the maximum allowed under code section 14-231(4)(b)(.1).

Pasha appealed the department's decision to the board. At a hearing on December 16, 1986, Pasha introduced photographs of the property showing the deck and carport, and a petition in favor of the variance signed by twenty-one of her neighbors. Apparently Pasha built the deck and carport under the mistaken belief that the builder and architect had obtained the necessary permits. At some point, a stop-work order was issued and the construction site was secured to make it safe.

Vincent Termini, the president of the Girard Estate Area Residential Civic Association, objected to the variance request. Termini testified that, despite a stop-work order, neighbors had called the police several times to report continuing work on the project. Termini stated that the deck and carport restricted the view from Porter Street, as well as airflow and light, and that the

height of the fence created a safety hazard to pedestrians who would not be able to see a car pulling out onto the sidewalk.

The board issued its decision denying the requested variance on February 3, 1987, holding that Pasha had not demonstrated unnecessary hardship necessitating a variance.

Pasha appealed the board's decision to the court of common pleas, which reversed the board's denial. The trial judge held that the board abused its discretion by denying the variance, and that the board's findings were not supported by substantial record evidence. The trial judge took judicial notice "of the fact that parking in South Philadelphia is at a premium," and concluded that allowing Pasha to build the deck and carport so that she could remove her vehicle from the street, "would therefore have at least one obvious beneficial effect upon the area surrounding Appellant's property."

Where the court of common pleas has taken no additional evidence, as here, this court's review is limited to a determination of whether the zoning board of adjustment abused its discretion or committed an error of law. *Green v. Zoning Board of Adjustment of the City of Pittsburgh,* 88 Pa. Commonwealth Ct. 469, 490 A.2d 488 (1985). An appellate court can conclude that a zoning board of adjustment abused its discretion only if its findings are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

We disagree with the trial court that the board abused its discretion in denying the requested variance. One who seeks a variance has the burden of establishing that the existence of unique physical circumstances or conditions on the property create an unnecessary hardship so that a variance from the terms of the ordinance is necessary to enable a reasonable use of the

property. *Ramondo v. Zoning Hearing Board of Haver-ford Township*, 61 Pa. Commonwealth Ct. 242, 434 A.2d 204 (1981). The board correctly found that Pasha had not established the requirements necessary for a variance.

Our review of the record supports the board's conclusion. Pasha presented no evidence that literal enforcement of the zoning limitations would result in unnecessary hardship due to the physical conditions of her property, that the conditions necessitating a variance were unique to her property, or that the requested variance would not endanger public safety. Philadelphia Zoning Code sections 14-1802(a), (b), (f). To the contrary, the record reveals that the property is currently used as a single-family home. The parking situation in the neighborhood, as noted by the trial judge, indicates that off-street parking congestion is not a hardship unique to Pasha's property. The only hardship demonstrated by Pasha was her desire to park her car closer to her home, and to enjoy the benefits of a second-floor deck and six foot fence.

Pasha argues that the board erred by applying the unnecessary hardship standard to her application, stating that a de minimis standard was proper because she sought a dimensional and not a use variance. Pasha did not raise this argument before the board, and therefore is foreclosed from pursuing it on appeal. *Hersch v. Zoning Hearing Board of Marlboro Township*, 90 Pa. Commonwealth Ct. 15, 493 A.2d 807 (1985). Further, Pasha's case does not fall within the de minimis doctrine:

> The de minimis doctrine is an extremely narrow exception to the heavy burden of proof which a party seeking a variance must normally bear. The courts have applied the rule and allowed a variance in a limited number of cases

where the violation of the ordinance was a relatively minor one, and to do otherwise would require the moving of an entire building. The court also followed the de minimis rule in a unique case where rigid compliance with the ordinance was not absolutely necessary to protect the public policy concerns underlying the ordinance.

*King v. Zoning Hearing Board of Borough of Nazareth,* 76 Pa. Commonwealth Ct. 318, 320, 463 A.2d 505, 505-06 (1983) (footnotes omitted).

The variance requested by Pasha proposed significant departures from established zoning requirements. Pasha sought to reduce the rearyard depth from the required fifteen feet to nine feet, reduce the required open lot area from 50% to 31%, eliminate the eight-foot setback along the Porter Street side of the property, and increase the fence height from three feet six inches to six feet. None of these proposed variances would be de minimis.

Accordingly, because Pasha failed to meet the requirements for the grant of a variance, we reverse the decision of the trial court and reinstate the board's decision denying the variance application.[1]

## ORDER

NOW, July 27, 1988, the order of the Court of Common Pleas of Philadelphia County, No. 3928, dated February 18, 1988, is reversed.

---

[1] Because there was substantial record evidence to support the board's denial of the variance application, we need not address the city's claims that the trial court erred as a matter of law by taking judicial notice of facts not in the record. Nor do we find any evidence or legal analysis in the record to support the trial judge's view of the denial "as an unconstitutional deprivation of rights under the fourteenth amendment."