## Column Realty, LLC v. Zoning Hearing Board of the City of Allentown

C.P. of Lehigh County, No. 2013-C-3859

*William G. Malkames*, for appellant.

*David Vaida*, for appellee.
*Frances Ann Fruhwirth*, for intervenor.

VARRICCHIO, *J.*, Aug. 20, 2014—The Zoning Hearing Board of the City of Allentown (Board) issued a Decision on October 9, 2013, denying Column Realty L.L.C.'s (Column Realty) request for a variance for God's Grace Adolescent Treatment Center to convert a vacant Lehigh County Corrections Center, located at 324-330 North 6th Street (property), into a drug and alcohol rehabilitation center for teenage males, and to erect a non-illuminated, free-standing sign in front of the facility. On October 24, 2013 Column Realty filed an appeal from the Board's decision.[1] Column Realty argued for a change from one non-conforming use to another, pursuant to the 1988 court-approved settlement with the City of Allentown. Alternatively, Column Realty argued the Board should have approved the use on the basis of a use or validity variance.

The City of Allentown intervened in Column Realty's appeal.

All parties briefed their respective positions and argument was heard on this matter.

## FACTS

Column Realty owns the property located at 324-330 North 6th Street, in the City of Allentown, Lehigh County, Pennsylvania (the property). The property is about 15,000 square feet of habitable space on three floors. The property is located in an area zoned "Medium

---

1. Docket number 2013-C-3859.

High Density Residential" (R-MH). Located within 1,000 feet of the property are the 6th Street Shelter, the Lehigh Valley Mental Health Clinic, and the Salvation Army.

From 1988 to 2011, the property was used as a Lehigh County work release facility housing female residents. This particular use for the property resulted from litigation between Lehigh County, the City of Allentown, and Allentown's Zoning Hearing Board. After the litigation, a settlement was entered through which Lehigh County would use the property as a work release facility.[2] On December 7, 1988, the court ordered, "The use of said premises as a work release facility shall be temporary. Said use shall terminate four (4) years after date hearafter or thirty (30) days after the completion of the new proposed prison facility at 4th and Linden Streets, Allentown." On January 9, 1990, the work release facility was allowed to continue, without restriction, beyond the four-year limit. The property was used as a Lehigh County Corrections facility until late 2011.

On May 1, 2012, Column Realty, LLC purchased 324-330 North 6th Street from Lehigh County and the property has remained vacant ever since. Column Realty requested a variance for God's Grace Adolescent Treatment Center to convert the property into a secured, teen drug and alcohol treatment center consisting of eighty-seven beds for males, ages twelve to eighteen, who would stay for in-patient rehabilitation cycles of twenty-eight day. All meals, recreation, therapy, and counseling would be provided at the facility and no visitors (family or friends) would be permitted during treatment. The proposal also

---

2. Docket number 1988-C-1543.

included erecting a freestanding, non-illuminated sign in front of the facility.

On August 26, 2013 the Zoning Hearing Board of the City of Allentown (the Board) held a hearing on Column Realty's appeal and, by way of a written decision dated October 9, 2013, the Board denied Column Realty both a change from one non-conforming use to another and a use or validity variance. In rendering its decision, the Board explained that the property, which had been vacant for almost two years, was located in an R-MH district and the change, even from a Lehigh County Corrections Facility to a drug and alcohol rehabilitation center, would be detrimental to the neighborhood. Decision of the Board, October 9, 2013. Further, the Board found that Column Realty had not established adequate grounds to grant a variance. *Id.*

## STANDARD OF REVIEW

Where the trial court does not take additional evidence, its scope of review is to determine if the zoning board committed an error of law or an abuse of discretion. Valley View *Civic Association v. Zoning Bd. of Adjustment*, 462 A.2d 637 (1983). A zoning hearing board abuses its discretion when its essential findings of fact are not supported by substantial evidence. *Id.* "Substantial evidence" sufficient to support a decision of the zoning hearing board is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Lantos v. Zoning Hearing Bd.*, 621 A.2d 1208 (1993). The court will not substitute its judgment of that of the zoning board unless the board manifestly abused its discretion. *Nascone v. Ross Township Zoning Hearing Bd.*, 473 A.2d

460

 

1141 (1984); *Ramondo v. Zoning Hearing Bd.*, 434 A.2d 204 (1981).

## DISCUSSION

The issue raised in this appeal is whether the Board erred in denying Column Realty's application on the basis of a change from one nonconforming use to another or on the basis of a use or validity variance. Before we get to the merits of the variance we must address the change from one nonconforming use to another under the 1988 court settlement between Lehigh County, the City of Allentown, and the Board, which resulted in the property's use as a Lehigh County Corrections facility.

For a nonconforming use, Allentown Zoning Ordinance provides:

1329.04 NONCONFORMING USES. A lawfully existing nonconforming use shall meet the following provisions:

C. Discontinuance of Use. If the area occupied by a nonconforming use becomes unoccupied or unused and remains unoccupied or is not used by the nonconforming use during any continuous period of 12 months, the use shall be presumed to be abandoned, unless sufficient evidence is presented to the Zoning Hearing Board to determine said use was not abandoned. Once abandoned, such property or structure shall only be occupied by a use which conforms to this ordinance. This 12 month period shall be extended to 24 months for a lawful commercial nonconforming use in a residential district.

In the present case, the property was unoccupied from late 2011 to present, which exceeds the statutory requirement for abandonment. Moreover, the Board found that Column Realty presented no testimony which indicated the County conveyed the rights to use the property as a penal institution. In argument, the Board did not assert that the nonconforming use had been abandoned, instead, the Board highlighted that the proposed use is different from the pre-existing nonconforming use.

The Commonwealth Court has held, where a legal use exists the right to continue such use is afforded the constitutional protections of due process *Smalley v. Zoning Hearing Bd. of Middletown Twp.*, 834 A.2d 535 (2003). Thus, "a property owner's right to continue operating a legal nonconforming use on its property is an interest that runs with the land, so long as the use is not abandoned." *Pietropaolo v. Zoning Hearing Bd. of Lower Merion Twp.*, 979 A.2d 969 (Pa. Cmwlth. 2009). In order to prove abandonment, a challenging party bears the burden to establish a period of discontinuance and an intent to abandon. *Action Audio Serv., Inc. v. Zoning Hearing Bd. of Upper Darby Twp.*, 699 A.2d 1375 (Pa. Cmwlth. 1997). In the present case, by not asserting that the nonconforming use had been abandoned, the Board could not have met the required burden of proving intent to abandon.

Accordingly, we next examine whether the Board erred in denying Column Realty's application on the basis of a change from one nonconforming use to another. Column Realty asserts that the proposed use is no more detrimental to the neighborhood and surroundings than the use which it replaces, a work release facility. However,

the Board points out that Column Realty did not meet the requirements under the zoning ordinance for a change from one nonconforming use to another and, upon review; the Board denied Column Realty's application by a decision dated October 9, 2013.

The relevant ordinance provides:

1329.04 NONCONFORMING USES. A lawfully existing nonconforming use shall meet the following provisions:

B. Change of Nonconforming Use. A nonconforming use all or partially conducted in a structure(s) may be changed to another nonconforming use only upon determination by the Zoning Hearing Board as a special exception that the proposed new use will be no more detrimental to its neighborhood and surroundings than the use it is to replace (except as provided in "2." below). In determining such relative detriment, the Board shall review any written report of the Zoning Officer.

1. The Board may consider the following factors, among others: traffic generated; traffic safety; nuisance characteristics, such as emission of noise, dust, odors and smoke; creation of vibrations and fire hazards; waste generation; storage characteristics; public health and safety hazards; and the hours and manner of operation.

2. The Zoning Officer may issue a permit for a change from one nonconforming establishment to another nonconforming establishment, without requiring approval by the Zoning Hearing Board, provided that:

a) the same general type of use is involved (such as from one retail store to another retail store, or from one personal service business to another personal service business);

b) the operator of the new establishment agrees in writing as a condition of the permit to abide by any applicable conditions that were established for the previous use of the property;

c) the new use involves similar or less intensive characteristics compared to the previous use, such as hours and manner of operation, types of merchandise or service, and waste generation; and

d) the new use does not involve the sale of alcohol unless the previous use also involved the sale of alcohol in a similar manner.

The Board highlights that one could argue the use to be replaced is that of a vacant building. However, taking the position that the nonconforming use to be replaced is that of a Lehigh County Corrections Facility, the Board determined that the new nonconforming use would be more detrimental to the neighborhood.

The Board's Decision included the following Findings of Fact:

13. The neighborhood in which the subject premises is located is residential in character. It is located in a neighborhood with varied housing units consisting of single family homes to an 8 unit apartment building located across the street from the property.

...

24. Mr. Peter A. Terry, a licensed professional civil engineer specializing in traffic and transportation engineering, testified that because the patients being treated at the subject facility would not have visitors nor leave the facility during the course of their treatment, that the average daily trips experienced by the facility in the coming and going of traffic to it would be significantly less than that experienced when the facility was utilized by the County of Lehigh as a work release facility. As a work release facility, Mr. Terry estimated the average daily trips to be 73 and as a treatment center to be 34.

25. No testimony was presented to indicate that the Applicant had made any effort to introduce a use to the structure which would be in compliance with the provisions of the Zoning Ordinance applicable to this Zoning District (R-MH).

...

27. Several objectors testified that the neighborhood is to some degree in transition and stabilizing after many years of problems with crime, density, traffic and parking concerns. The reintroduction of this use at this time would adversely affect the residents of this largely residential neighborhood many of who are owner occupants of the houses in which they reside.

The Board explained that the new use would be more detrimental to the neighborhood because the property is located in a highly urbanized section of Allentown fronting North 6th Street, which is heavily traveled and most of the properties have little or no off-street parking. Thus, the Board denied Column Realty's application for a

change from one nonconforming use to another pursuant to Zoning Ordinance § 1329.04, which permits such a change, "Only upon determination by the Zoning Hearing Board as a special exception that the proposed new use will be no more detrimental to its neighborhood and surroundings than the use it is to replace."

Finally, Column Realty asserted a claim for either a use or validity variance to use the property as proposed. Zoning Ordinance § 1307.03 governs both types of variances and provides:

> Variances and Special Exceptions. The Zoning Hearing Board shall serve the following functions:
>
> A. Variances
>
> 1. The Board shall hear requests for variances where it is alleged that the provisions of the Zoning Ordinance inflict unnecessary hardship upon the applicant. The Board may by rule prescribe the form of application and may require preliminary application to the Zoning Officer. The Board may grant a variance, provided that all the following findings are made where relevant in a given case:
>
> a) That there are unique physical circumstances or conditions, including irregularity, narrowness or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the Zoning Ordinance in the neighborhood or district in which the property is located;

b) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the Zoning Ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

c) That such unnecessary hardship has not been created by the appellant;

d) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and

e) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

Column Realty relies upon the Commonwealth Court's holding in *Laurel Point Associates v. Susquehanna Township Zoning Hearing Board*:

A validity variance "is based on the theory that an otherwise valid ordinance is confiscatory when applied to a particular tract of land, in that it deprives the owner of any reasonable use of his property." *A & D, Inc. v. Zoning Hearing Board*, 379 A.2d 654, 656 (1977). In such a case, the issuance of a variance is necessary to permit a reasonable use of the land and, thus, prevent an unconstitutional taking of the applicant's property. *Shohola Falls Trails End Property Owners Association,*

*Inc. v. Zoning Hearing Board,* 679 A.2d 1335 (Pa. Cmwlth. 1996), *appeal denied,* 695 A.2d 788 (1997).

The court goes on to explain:

> This court has held that, to obtain a validity variance, the applicant must establish that: (1) the effect of the regulations complained of is unique to the applicant's property and not merely a difficulty common to other lands in the neighborhood; and (2) the regulation is confiscatory in that it deprives the owner of the use of the property. *Chrin Brothers, Inc. v. Williams Township Zoning Hearing Board,* 815 A.2d 1179 (Pa. Cmwlth. 2003); *Shohola Falls; Hersh v. Zoning Hearing Board,* 493 A.2d 807 (1985). "A validity variance differs from a 'normal' variance in that the normal variance is granted to adjust the zoning regulation to the particular property." *Shohola Falls* at 1341.

In the present case, the Board determined there was no showing that there were any unique physical circumstances or conditions related either to the building or the lot. Moreover, the Board determined that no such physical circumstances or conditions foreclose the possibility that the property could be developed in strict conformity with the provisions of the zoning ordinance. In fact, § 1313.01 provides a list of residential uses permitted as a matter of right in the R-MH Zoning District.

The only testimony on this point came from Mickey Thompson, chief operating officer of Column Realty, who stated that the property had been continuously marketed since Column Realty's acquisition in May 2012. Notes of Testimony, August 26, 2013, p. 86. Yet, no additional testimony was presented that this property, due to the lot,

the building, or some other physical condition, cannot be used in compliance with uses permitted in this Zoning District.

Because we find that the Board did not err in denying the application for a change from one nonconforming use to another or in denying a variance, we affirm the Board's decision and deny Column Realty's request to construct a drug and alcohol treatment center on the property.

## ORDER

And now, this 20th day of August, 2014, upon consideration of the October 24, 2013 Appeal by Column Realty L.L.C. of the October 9, 2013 Decision of the Zoning Hearing Board of the City of Allentown, the response thereto filed March 11, 2014 by Appellee and Intervenor, and after argument thereon;

It is hereby ordered that, for the reasons set forth in the accompanying opinion, said appeal is denied.