Malcolm W. George, Appellant *v.* Zoning Hearing Board of Upper Moreland Township, Montgomery County, Appellee.

Argued September 28, 1978, before Judges MEN-CER, BLATT and CRAIG, sitting as a panel of three.

*Gregory S. Ghen*, with him *Stanford S. Hunn Associates*, for appellant.

*Mabel D. Sellers*, with her *Raymond Jenkins*, and *Jenkins, Tarquini & Jenkins*, for appellee.

OPINION BY JUDGE MENCER, December 29, 1978:

Malcolm W. George has appealed from an order of the Court of Common Pleas of Montgomery County affirming a decision of the Zoning Hearing Board of Upper Moreland Township (Board) denying George's application for a variance or special exception from the requirements of the Upper Moreland Zoning Ordinance of 1939.

George is the owner of a 1.376-acre lot on which is located a single-family dwelling and a backyard storage building. His application to the Board sought (1) a variance to allow him to construct additions to his home and (2) permission to convert the storage building into living quarters for his mother-in-law. The Board denied both requests, the trial court affirmed, and this appeal followed.

We find that the points raised by George are adequately discussed in the able opinion of President Judge Lowe writing for the trial court. *George v. Zoning Hearing Board,* 103 Mont. Co. L. Rep. 335 (1977). Only a few brief comments are necessary here.

With regard to George's first request, the Board found that the additions to the home could be constructed in compliance with the zoning ordinance if they were simply relocated. If so, the variance was properly denied. *See J. Richard Fretz, Inc. v: Hilltown Township Zoning Hearing Board,* 18 Pa. Commonwealth Ct. 471, 336 A.2d 464 (1975); Section 912 (2) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912(2). George contends that the Board was obliged to accept his uncorroborated assertion that relocation was impracticable. However, George had a heavy burden to prove his need for the variance, *see J. Richard Fretz, Inc., supra,* and the Board, as factfinder, had the power to reject even George's uncontradicted testimony if the Board found it to be lacking in credibility. *See Richland Township v. Hellerman,* 30 Pa. Commonwealth Ct. 438, 373 A.2d 1367 (1977).

With regard to George's second request, we note that Section 402 of the ordinance provides that "[a] lot area of not less than one (1) acre . . . shall be provided for *every* building hereafter . . . used in whole or part as a dwelling." (Emphasis added.) George desires to maintain two buildings as dwellings, but his 1.376-acre lot is incapable of providing one acre for each such building.[1] George's contention that the pro-

---

[1] Since Section 402 applies to all buildings used as dwellings, George's argument that the proposed structure would not be a "single family dwelling," as that phrase is defined in the ordinance, is irrelevant. Although the word "dwelling" is not defined in the ordinance itself, it is commonly used to refer to "a building or construc-

posed use is permitted by the ordinance is therefore without merit.[2]

Order affirmed.

ORDER

AND Now, this 29th day of December, 1978, the order of the Court of Common Pleas of Montgomery County, dated October 19, 1977, affirming a decision of the Zoning Hearing Board of Upper Moreland Township denying an application by Malcolm W. George for a variance or special exception is affirmed.

---

tion used for residence." Webster's Third New International Dictionary 706 (1966). The proposed structure would contain bedroom, bathroom, sitting room, sun room, and kitchen facilities and would be used by George's mother-in-law as her residence. Thus, it would clearly be used as a dwelling.

[2] George's position has consistently been that the use to which he wants to convert the storage building is a permitted "accessory use" for which no variance or special exception is required. It is therefore difficult to understand why George felt it necessary to apply for a variance or special exception to make the conversion rather than simply to appeal from a denial of a building permit.