Floyd G. Hersh, Appellant *v.* Zoning Hearing Board of Marlborough Township, Appellee.

Argued April 11, 1985, before Judges MacPhail and Barry and Senior Judge Barbieri, sitting as a panel of three.

*Marc D. Jonas,* for appellant.

*Kent H. Albright, McGrory, Wentz, Fernandez & Albright,* for appellee.

OPINION BY JUDGE MACPHAIL, June 7, 1985:

Floyd G. Hersh (Appellant) has appealed from an order of the Court of Common Pleas of Montgomery County affirming a decision of the Zoning Hearing Board of Marlborough Township (Board) denying Appellant's application for a variance or validity variance from the requirements of the Marlborough Township Zoning Ordinance of 1970 (Ordinance).

Appellant is the owner of a 23.649 acre lot in Marlborough Township (Township) on which is located a 2 to 2 1/2 acre abandoned stone quarry. The property is located in an RA-1 Residential Agricultural Zoning District, with a small portion of the property located within an R-30 Residential District. Neither District permits quarrying. Appellant's application to the Board (1) sought a variance or a validity variance to allow him to use the entire 23.649 acres for mining and quarrying, including the installation of a portable stone crusher and (2) challenged the validity of the Ordinance based upon the failure of the Ordinance to provide for mining and quarrying as a permitted use. The Board denied Appellant's requests. Appellant appealed to the trial court which, without taking additional evidence, dismissed Appellant's appeal and thereby upheld the decision of the Board. The instant appeal followed.

Where the trial court took no additional evidence, our scope of review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law. *Gilbert v. Montgomery Township Zoning Hearing Board*, 58 Pa. Commonwealth Ct. 296, 427 A.2d 776 (1981). Appellant presents five issues for our review: (1) whether the Board abused its discretion, (2) whether the Ordinance is unconstitutionally exclusionary, (3) whether the Ordinance is de facto exclusionary, (4) whether the Board erred in not

granting the requested variance, and (5) whether Appellant is entitled to operate the quarry as a change of an existing nonconforming use. We shall address these issues seriatim.

Appellant first alleges that the Board abused its discretion in not making findings based upon the evidence he and his experts presented. The Appellant argues that the testimony of his neighbors and other landowners in the Township (protestants) had no probative value. However, the Board was not obliged to accept Appellant's expert witnesses' testimony over that of the protestants. The Board, as fact finder, has the power to reject even uncontradicted testimony if the Board finds that testimony to be lacking in credibility. *George v. Zoning Hearing Board of Upper Moreland Township*, 39 Pa. Commonwealth Ct. 472, 396 A.2d 478 (1978). In the instant case, the Board did not find Appellant's expert witnesses' testimony credible. The Board did find credible the evidence of the protestants who testified at length and with considerable specificity. This evidence, in our view, amply supports the Board's decision. *See Township of Abington v. Rocks Associates, Inc.*, 11 Pa. Commonwealth Ct. 95, 312 A.2d 98 (1973).

Appellant next contends that the Ordinance is unconstitutionally exclusionary for its failure to provide for quarries as a permitted use. A zoning ordinance is presumed valid and constitutional, and an applicant alleging its unconstitutionality has a heavy burden to prove its invalidity. *G.M.P. Land Co. v. Hegins Township Board of Supervisors*, 72 Pa. Commonwealth Ct. 591, 457 A.2d 989 (1983). The applicant must demonstrate that the ordinance, on its face, completely bans a particular use. *Benham v. Middletown Township Board of Supervisors*, 22 Pa. Commonwealth Ct. 245, 349 A.2d 484 (1975). To avoid being exclusionary, an

ordinance need not allow a use absolutely, as a permitted use, but may allow it conditionally, such as by special exception. *Zajac v. Zoning Hearing Board of Mifflin Township,* 41 Pa. Commonwealth Ct. 7, 398 A.2d 244 (1979).

In an exclusionary zoning case, the analysis initially focuses upon whether the ordinance expressly excludes the use entirely from the municipality, or, if it allows the use to some extent, is it nevertheless exclusionary because it allows less than a "fair share". *Township of Paradise v. Mt. Airy Lodge, Inc.,* 68 Pa. Commonwealth Ct. 548, 449 A.2d 849 (1982).[1] Here, the Ordinance does not expressly prohibit quarrying from the municipality, notwithstanding Appellant's assertion to the contrary. Article XII of the Ordinance provides for Limited Industrial Districts. Section 1201 states in pertinent part:

[t]he specific uses permitted in this District shall be the erection, construction, alteration or use of buildings or premises for the following uses and no other:

A. Any individual use not specifically excluded, which meets the provisions of Sections 1101-1113 inclusive in this Article.

Absent express limitation, permissive phrases in zoning ordinances are to be given their broadest meaning. *Gilbert.* Therefore, since quarrying is not a use which is specifically excluded, it is a permitted use in the Township's Limited Industrial District. The Board

---

[1] After determining that the Ordinance excludes a particular use on its face, it must be determined whether the exclusion is prima facie valid because the use is objectionable by nature, or if the use is not objectionable by nature, whether the municipality has initially shown justification for the exclusion. *Township of Paradise.*

correctly concluded that a quarry could be operated in the Township's Limited Industrial District. *See Farrell Appeal,* 85 Pa. Commonwealth Ct. 163, 481 A.2d 986 (1984).

Appellant's third argument is that the Ordinance is de facto exclusionary on two bases: (1) the Ordinance fails to provide for the industrial zoning of quarrying other than an existing nonconforming use and (2) the noise and vibration standards of the Ordinance effectively preclude quarries.

. A de facto exclusion is established where an ordinance permits a use on its face, but when applied acts to prohibit the use throughout the municipality. *Farrell Appeal.* In this regard, Appellant has failed to adduce any evidence demonstrating that the Ordinance, as applied, acts to exclude quarrying. The testimony presented before the Board established that there is a quarry already operating in the Township. Although Appellant alleged that this quarry is a nonconforming use, no evidence was before the Board which would permit the Board to independently determine that fact. The fact that there is an operating quarry in the Township negates Appellant's contention that the noise and vibration standards of the Ordinance preclude quarrying. We conclude that Appellant has not proven that the Ordinance, as applied, precludes the proposed use.

Appellant next argues that the Board should have granted him either a variance or a validity variance. Whether a variance should be granted is determined by applying the standards found in Section 912 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912. *Fiori Appeal,* 69 Pa. Commonwealth Ct. 463, 451 A.2d 804 (1982). In order to obtain a variance, the applicant must establish that (1) the ordinance

imposes unnecessary hardship on the property; (2) the hardship stems from unique physical characteristics of the property; (3) the variance would not adversely impact on the health, safety or welfare of the general public; (4) the hardship was not self-inflicted; and (5) the variance sought is the minimum that would afford relief. *Vacca v. Zoning Hearing Board of Borough of Dormont*, 82 Pa. Commonwealth Ct. 192, 475 A.2d 1329 (1984).

Appellant presented evidence indicating that it would not be feasible to build and sell homes on the property in question. Appellant's expert real estate broker testified that the property was physically unsuitable for any use other than quarrying. However, the property consists of 23.649 acres; the quarry pit occupies only 2 1/2 acres. Although all of the property contains steep grading, the evidence presented indicated that this described difficulty is one shared equally by many of the properties in the Township. The evidence also indicated that these other properties are used residentially and agriculturally as zoned. Although Appellant presented expert testimony regarding the positive impact quarrying on his property would have on the community, the Board did not credit this testimony and found that if allowed, quarrying would have an adverse impact upon the character of the residential neighborhood. As previously noted, it is the Board's prerogative to accept or reject testimony as incredible. We conclude that Appellant did not meet his burden of proof that his property would not be marketable in accordance with the present zoning.

A validity variance differs from the "normal variance" in that the "normal variance" is granted to adjust the zoning regulation to the particular property; a validity variance holds that the zoning regu-

lation is restrictive to the point of confiscation and requires the issuance of a variance permitting a reasonable use of the land. *East Torresdale Civic Association Appeal*, 85 Pa. Commonwealth Ct. 12, 481 A.2d 976 (1984). To grant a validity variance, the applicant must establish that (1) the effect of the regulations complained of is unique to the applicant's property and not merely a difficulty common to other lands in the neighborhood and (2) the regulation deprives the owner of the use of the property. *Id.* The applicant can establish the confiscatory nature of the zoning regulation by establishing that the land has no value or only distress value. *Id.*

The residentially zoned property for which Appellant seeks a validity variance is surrounded by residential lots. Appellant's evidence consisted of little more than his witnesses' expressions of conclusions of its alleged unsuitability for residential use. *See East Torresdale.* The Board's finding that residential use of the lot is possible is not without support in the record. We also agree with the trial court that the fact that Appellant has been using the property in question as a stockpile negates his assertion that the property has no reasonable use as zoned.

Finally, Appellant argues that he is entitled to operate the quarry as a change of an existing nonconforming use, his argument being that because his property is now being used as a stockpile, which is not a permitted use within the Ordinance, he should be allowed to change from the non-permitted use of stockpiling to the non-permitted use of quarrying. However, this issue was not raised before the Board, and matters not raised in or considered by the Board cannot be considered on appeal. *Bamash v. Zoning Board of Adjustment*, 11 Pa. Commonwealth Ct. 420, 313 A.2d 370 (1974).

We find no abuse of discretion nor error of law in the Board's decision, and accordingly affirm.

ORDER

The order of the Court of Common Pleas of Montgomery County, dated December 13, 1983, at No. 83-02977, is affirmed.