531 A.2d 1194

Edward J. Dotter and Barbara D. Dotter, his wife, Appellants *v.* Zoning Hearing Board of Kennedy Township, Appellee.

Argued May 22, 1987, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Frederick A. Boehm,* with him, *Patrick J. Clair, Goehring, Rutter & Boehm,* for appellants.

*Samuel J. Pasquarelli, Jubelirer, Pass & Intrieri, P.C.,* for appellee.

OPINION BY JUDGE BARRY, October 9, 1987:

Edward J. Dotter and Barbara D. Dotter, husband and wife, appeal an order of the Court of Common Pleas of Allegheny County which dismissed their appeal from and affirmed an order of the Zoning Hearing Board of Kennedy Township.

In 1976, Kennedy Township passed its present Zoning Ordinance (Ordinance 171). In 1982, the Dotters purchased a one story ranch dwelling located within a R-1 zoning district as defined by the ordinance. The Dotters wished to use the dwelling as a personal care home, which essentially would house up to eight older adult residents and provide full time custodial care by two adult supervisors who also would live in the dwelling. The residents, while requiring some assistance with some of their day to day activities, require neither hospitalization nor care of a skilled nursing or intermediate care facility.

Believing that the zoning ordinance totally excluded personal care homes from Kennedy Township, the Dotters filed a challenge to the ordinance with the Zoning Hearing Board (the Board) pursuant to Section 1004(1)(a) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, repealed and reenacted by the Act of June 1, 1972, P.L.      , 53 P.S. §11004(1)(a). A hearing was subsequently held before the Board which, on May 30, 1985 denied, the Dotters' challenge. The Dotters then filed an appeal to the Court of Common Pleas of Allegheny County. The trial court appointed a local attorney to act as a referee in the mat-

ter. No additional testimony was taken, and after the submission of briefs to the referee, the trial court dismissed the Dotters' appeal and affirmed the order of the Board. This appeal followed.

Where the trial court takes no additional evidence, our scope of review is limited to determining whether the Zoning Hearing Board committed an error of law or manifestly abused its discretion. *Borough Council of Churchill Borough v. Pagal, Inc.,* 74 Pa. Commonwealth Ct. 601, 460 A.2d 1214 (1983). While zoning ordinances are presumed to be constitutional, *National Land & Investment Co. v. Easttown Township Board of Adjustment,* 419 Pa. 504, 215 A.2d 597 (1965), an ordinance which totally excludes a legitimate use is particularly suspect. *Exton Quarries, Inc. v. Zoning Board of Adjustment,* 425 Pa. 43, 228 A.2d 169 (1967). In the present case, the Dotters argued that the Board committed an error of law in holding that the ordinance did not exclude personal care homes. We do not agree.

The Board held that personal care homes are permitted as a use in the R-3 zoning districts and thus are not permitted in only the more restricted districts (the R-1 and R-2) but allowed in all other districts. The ordinance itself provides: "In this [R-3] district, the land and structure may be used, and the structures may be erected, enlarged, altered and maintained for the following uses only. . . . 421.2. Multiple-family dwelling." Ordinance 171, §421. Multiple family dwelling is defined as

[a] dwelling, designed or occupied otherwise than as a one-family dwelling or a two-family dwelling. The term multiple-dwelling shall be understood to include apartment houses, row houses, and all other family dwellings of similar character, where apartments or suites are occu-

pied and used as a separate complete house-keeping unit, but not to include hotels or motels.

Ordinance 171, §202. Further, family is defined as "[o]ne or more persons related by blood, marriage, or adoption, or three unrelated persons living in a household as a dwelling unit." *Id.*

As the Dotters' proposed personal care homes involve eight unrelated individuals plus the supervisory couple, *i.e.* therefore "more than three unrelated persons living together," more than one or two families is involved. The Dotters' proposed use would be a "dwelling . . . occupied otherwise than as a one-family dwelling or a two-family dwelling", a permitted use in the R-3 district. The Dotters argue that their proposed use does not have separate housekeeping units as mentioned in the definition of multiple family dwellings. Suffice it to say that while multiple family dwellings include structures having separate housekeeping units, the Ordinance does not require that all multiple family dwellings have separate housekeeping units. Permitted uses in a zoning ordinance must be interpreted in the broadest possible fashion. *Hersh v. Zoning Hearing Board of Marlborough Township,* 90 Pa. Commonwealth Ct. 15, 493 A.2d 807 (1985). As it cannot be seriously argued that the ordinance specifically excludes personal care homes, we can find no error in the Board's legal conclusion that such use is permitted in the R-3 district given the applicable definitions of the Ordinance.

ORDER

Now, October 9, 1987, the order of the Court of Common Pleas of Allegheny County, dated August 5, 1986 at No. S.A.-1007 of 1985 is affirmed.