**SHOHOLA FALLS TRAILS END PROPERTY OWNERS ASSOCIATION, INC. and Trails End Land Company, Inc., Appellants,**

v.

**The ZONING HEARING BOARD OF SHOHOLA TOWNSHIP, PIKE COUNTY, PENNSYLVANIA.**

Commonwealth Court of Pennsylvania.

Argued April 18, 1996.

Decided June 20, 1996.

---

Ronald M. Bugaj, for Appellants.

Charles F. Lieberman, for Appellee.

Before COLINS, President Judge, KELLEY, J., and LORD, Senior Judge.

KELLEY, Judge.

Shohola Falls Trails End Property Owners Association, Inc. and Trails End Land Company, Inc. (collectively, Trails End) appeal from an order of the Court of Common Pleas of Pike County (trial court) which affirmed a determination by the Zoning Hearing Board of Shohola Township (board). The board had denied Trails End's application for a zoning permit and request for a variance and had rejected Trails End's constitutional challenge to Shohola Township Zoning Ordinance 44 (Ordinance 44).

Shohola Falls Trails End is a recreational development in Shohola Township (township) which was approved as a fee simple campsite area in 1972. It consists of approximately 1,850 campsite lots. Due to multi-lot ownership, there are approximately 1,600 property owners.

Prior to the creation of Shohola Falls Trails End, the smallest permissible lot size in the township was one acre. In 1972, a variance from the Shohola Township Subdivision Ordinance was passed which permitted lots in Shohola Falls Trails End to be 4,500 square feet (50 feet in width by 90 feet in depth), which was considerably less than one acre. In return for the variance, the developer was required to enact restrictive covenants to regulate the property owners' use of their lots. Shohola Falls Trails End had been created with the intention that it serve as a vacation spot, and not as a place of permanent residence. In part, the restric-

tive covenants prohibited permanent residency, and they limited the use of the lots to camping. The restrictive covenants also established five foot side yard utility easements, which were recognized as setbacks, and density limitations.

The township hoped that the restrictive covenants would retain the non-permanent, non-residential nature of the campsite community. After Trails End failed to enforce the restrictive covenants, the township enacted zoning ordinances to preserve the intended non-residential nature of the development.[1]

In 1990, the township enacted Shohola Township Zoning Ordinance 35 (Ordinance 35) which regulated, *inter alia*, recreational

vehicle parks and campgrounds. Trails End did not comply with the provisions of Ordinance 35. In 1992, the township passed Ordinance 44 which amended and supplemented Ordinance 35. Ordinance 44, *inter alia*, limited the number, size and placement of recreational vehicles and structures on each lot.

In November 1992, Trails End applied for a zoning permit to place a recreational vehicle, an enclosed deck and a shed on a lot. The Township's Zoning Officer denied the application because: (1) the maximum density of the lot would be exceeded in violation of section 528.1 of Ordinance 44;[2] and (2) the side yard setback set forth in section 528.2 of Ordinance 44 would be violated.[3]

Trails End filed with the board an appeal of the Zoning Officer's denial of its zoning

---

1. The township passed its first zoning ordinance in 1975, and it regulated the entire township. Reproduced Record (R.) at 109. The zoning ordinance permitted campsites and imposed setback requirements on structures. *Id.* When this zoning ordinance was passed, there was no need for setback regulations at Shohola Falls Trails End because, at that time, structures were prohibited in the development pursuant to the restrictive covenants. *Id.* In 1981, the township's zoning ordinance was revised and addressed, *inter alia*, campsites. *Id.* The revised zoning ordinance included density restrictions, setbacks and lot widths. *Id.* These revisions to the zoning ordinance were again not applicable to Shohola Falls Trails End because structures were still prohibited in the development pursuant to the restrictive covenants. R. at 110.

In 1983, Trails End asked the township supervisors if structures, such as screened-in enclosures, could be placed on the property owners' lots because of a gypsy moth problem. *Id.* The supervisors were unwilling to allow structures on the lots unless a change was made to the restrictive covenants governing the property owners' use of their lots. R. at 111. Trails End agreed to change its restrictive covenants. *Id.* As a result, the township changed its zoning ordinance to permit non-permanent porches and decks on campsites. *Id.* However, structures were built on the lots in Shohola Falls Trails End which were more than non-permanent screened-in enclosures. *Id.* Accordingly, when the township decided to revise its entire zoning ordinance in 1991, it recognized that it needed to include regulations which would pertain to all present and future campgrounds. *Id.*

2. Section 528.1 of Ordinance 44 provides as follows:

The minimum area of any campsite in an RV park shall be four thousand five hundred

(4,500) square feet and the gross density shall be no greater than eight (8) campsites per acre. Gross density may be measured to include areas developed or planned for common use. No recreation or recreational vehicle shall when complete on a site, exceed four hundred (400) square feet in area, including tipouts, but not including tow bar and hitch. Lot coverage of individual sites shall not exceed Seven Hundred Sixty (760) square feet on lots of Four Thousand Five Hundred (4,500) square feet in area and shall not exceed Seventeen (17%) percent of lots over Four Thousand Five Hundred (4,500) feet in area. The following structures shall be included in calculating lot coverage: recreational vehicle, deck, porch, shed, pop-up camper, gazebo, tent platform, screenhouse-shed combination, and any other structures requiring a permit under this ordinance. No more than one recreational vehicle nor more than one pop-up type camper shall be permitted per campsite.
Original Record, Ordinance 44, p. 2.

3. Section 528.2 of Ordinance 44 provides as follows:

No campsite shall be located less than one-hundred and fifty (150) feet from any exterior property line or public right-of-way.
Each recreational vehicle, trailer, tent or any other structure placed on an RV park site or campground shall be at least:
fifteen (15) feet from the front boundary of the site,
ten (10) feet from the back boundary of the site,
seven (7) feet from each side boundary of the site,
fifty (50) feet from any body of water using the high water mark as a point of reference,
Original Record, Ordinance 44, p. 3.

permit. A request for a variance from the density requirements and the side yard setback requirements of Ordinance 44 was also made by Trails End. In addition, before hearings were held by the board, Trails End set forth a constitutional challenge to Ordinance 44. Following several hearings, the board denied Trails End's appeal, its request for a variance and its constitutional challenge to Ordinance 44.

The board concluded that Trails End had not presented any evidence that a mistake or a misinterpretation of Ordinance 44 had been made by the township's zoning officer. The board also concluded that Trails End had not presented any evidence of a hardship that would have justified the granting of a variance by the township's zoning officer. Accordingly, the board denied Trails End's appeal from the denial of its request for a zoning permit and a variance.

The board further concluded that Trails End had not overcome the strong presumption that Ordinance 44 was valid. The board stated that Ordinance 44 was not unconstitutional or confiscatory because it did not deprive the lot owners of their right to use their property for its intended purpose as a recreational vehicle campsite. The board also noted that the provisions of Ordinance 44 were more liberal than the restrictive covenants which were originally intended to regulate the property owners' use of their lots in Shohola Falls Trails End. The board concluded that the township had established a seven foot side yard setback for safety purposes, namely the concern for overcrowding and fire hazards. The board further concluded that the township had the legal right to pass a zoning ordinance to maintain Shohola Falls Trails End as a non-permanent, non-residential recreational vehicle campsite.

Trails End appealed to the trial court which affirmed the determination by the board. The trial court concluded that Ordinance 44 was valid, that Trails End had not established its right to a variance and that the board had not erred in denying Trails End a zoning permit. Trails End now brings the present appeal.[4]

In this appeal, Trails End has raised the following issues for our review: (1) whether Ordinance 44 was special legislation, thereby depriving property owners of the lawful use of their land; (2) whether Ordinance 44 was applicable to all similar land uses in the area; (3) whether Ordinance 44 constituted an invalid taking of property; (4) whether Ordinance 44 provided equal protection to property owners within Shohola Falls Trails End compared to property owners outside of Shohola Falls Trails End; and (5) whether the board committed an error of law or abuse of discretion in denying Trails End's appeal.[5]

Trails End essentially argues in this appeal that by enacting Ordinance 44, the Township has engaged in "spot" zoning, thereby undermining the property rights of the lot owners at Shohola Falls Trails End. Trails End asserts that it has been singled

4. In a land use appeal where, as here, the trial court has not taken any additional evidence, this court's scope of review is limited to a determination of whether the governing body (in this case the board) committed an error of law or abused its discretion. *Herr v. Lancaster County Planning Commission,* 155 Pa.Cmwlth. 379, 625 A.2d 164 (1993), *petition for allowance of appeal denied,* 538 Pa. 677, 649 A.2d 677 (1994). An abuse of discretion occurs when the governing body's findings of fact are not supported by substantial evidence. *Id.*

5. In its Statement of the Questions Involved in its brief before this court, Trails End also raised the following issues: (1) whether the enactment of Ordinance 44 was proper under the powers provided to a Second Class Township; and (2) whether the township was estopped from modifying the controlled pattern of growth in Shohola Falls Trails End by means of Ordinance 44. We note that these two issues were not raised before the trial court. Pennsylvania Rule of Appellate Procedure 302(a) provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." *See also Dilliplaine v. Lehigh Valley Trust Company,* 457 Pa. 255, 322 A.2d 114 (1974); *Ball v. Montgomery Township Board of Supervisors,* 143 Pa. Cmwlth. 142, 598 A.2d 633 (1991). Accordingly, because these two issues were not raised before the trial court, they have been waived.

out for different treatment from that accorded to similar surrounding property. Trails End further argues that Ordinance 44 was not enacted to promote public health, safety and welfare but to deprive the lot owners of the use of their property.

The power of a municipality to enact zoning ordinances is set forth in the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101—11202. Section 601 of the MPC provides that "[t]he governing body of each municipality, in accordance with the conditions and procedures set forth in this act, may enact, amend and repeal zoning ordinances to implement comprehensive plans and to accomplish any of the purposes of this act." 53 P.S. § 10601. The purposes to be served by a zoning ordinance are set forth in section 604 of the MPC which provides, in pertinent part, as follows:

> The provisions of zoning ordinances shall be designed:
>
> (1) To promote, protect and facilitate any or all of the following: the public health, safety, morals, and the general welfare; coordinated and practical community development and proper density of population; . . . .
>
> (2) To prevent one or more of the following: overcrowding of land, blight, danger and congestion in travel and transportation, loss of health, life or property from fire, flood, panic or other dangers.

53 P.S. § 10604.

■ A zoning ordinance, like other legislative enactments, is presumed to be valid, and a challenger must meet a heavy burden of proving otherwise. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975). The United States Supreme Court has held that a zoning ordinance is valid when: (1) it promotes public health, safety or welfare; and (2) the means are substantially related to the desired end. *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

■ Pennsylvania courts have employed a substantive due process analysis for evaluating the validity of a zoning ordinance. *Surrick v. Zoning Hearing Board of Upper Providence Township*, 476 Pa. 182, 382 A.2d 105 (1977); *Boundary Drive Associates v. Shrewsbury Township Board of Supervisors*, 81 Pa.Cmwlth. 7, 473 A.2d 706 (1984), *aff'd*, 507 Pa. 481, 491 A.2d 86 (1985). Such an analysis requires that a reviewing court balance the public interest involved against the impact of the ordinance on individual rights. *Boundary Drive Associates*. Before a court may declare that a zoning ordinance is unconstitutional, the challenging party must clearly establish that the ordinance provisions are arbitrary and unreasonable and have no relation to the public health, safety, morals and general welfare. *Schubach*.

■ In the present case, the board found that Shohola Falls Trails End was created with the intention that it serve as a vacation spot, and not as a place of permanent residence. R. at 494, 501–02. Shohola Falls Trails End was only given a variance allowing lots in the development to be less than one acre, the smallest permissible lot size in the township, because the developer of Shohola Falls Trails End agreed to enact restrictive covenants to regulate the property owners' use of their lots. R. at 495–96. The board further found that when Trails End did not enforce the restrictive covenants, the township was compelled to enact zoning ordinances. R. at 498.

The two provisions of Ordinance 44 which Trails End contends are depriving the lot owners of the use of their property are sections 528.1 and 528.2. The board found that section 528.1 of Ordinance 44, which relates to density, was necessary to prevent overcrowding on such small lots. R. at 511. The board further found that section 528.2 of Ordinance 44, which relates to setbacks, was intended to protect the property owners from the dangers of fire. R. at 500–01. George Fluhr, the Township Supervisor, testified that fire records indicated that there had been 35 fires at Shohola Falls Trails End since 1986. R. at 118. Fluhr also testified that fire officials in the township had wanted

at least a ten foot side yard setback imposed upon each lot in Shohola Falls Trails End. R. at 119. However, Fluhr stated that the township had decided to impose only a seven foot side yard setback on each lot so as not to impose a hardship on the property owners. *Id.*

The board further found that the property owners were only limited as to the location, size and number of recreational vehicles and structures on their lots. R. at 500. The remainder of each lot could still be used for activities associated with camping. *Id.* Based upon our review of the record in this case, we conclude that Ordinance 44 was enacted to protect the health, safety and welfare of the property owners at Shohola Falls Trails End.

■ Trails End has argued that by enacting Ordinance 44, the Township has unfairly engaged in "spot" zoning in violation of the property rights of the lot owners. We disagree.

■ In order to be considered special legislation, or spot zoning, a zoning ordinance must be unjustly discriminatory, arbitrary, unreasonable and confiscatory in its application, in that it is directly aimed at a particular piece of property. *Klein v. Council of the City of Pittsburgh,* 164 Pa.Cmwlth. 521, 643 A.2d 1107 (1994). Our Supreme Court has stated that a critical factor in an analysis of a spot zoning question is whether the rezoned land is being treated unjustifiably differently from similar surrounding land. *Schubach,* 461 Pa. at 382, 336 A.2d at 336. The singling out of one lot or a small area for different treatment from that accorded to similar surrounding land which is indistinguishable in character is invalid "spot" zoning. *Id.*

In the present case, Shohola Falls Trails End is the only fee simple campsite within the township and, therefore, is presently the only area affected by sections 528.1 and 528.2 of Ordinance 44. As such, Shohola Falls Trails End is not being singled out and treated differently from similar surrounding land which is indistinguishable in character.

Moreover, the density and setback provisions of Ordinance 44 are applicable to all present and future recreational vehicle campsites in the township.

We also note that other zoning districts in the township are subject to specific setback and density regulations. R. at 389. It is evident that the minimum side yard setbacks and the maximum lot coverage are smaller for the lots in Shohola Falls Trails End than for other property in the township. However, each lot in Shohola Falls Trails End is significantly smaller than one acre which is the minimum lot size for all of the other property in the township. Based upon our review of the record in this case, we conclude that Ordinance 44 is valid and that the township has not engaged in "spot" zoning by enacting Ordinance 44.

■ Trails End next asserts that it has met the necessary requirements for a variance. Trails End argues that the provisions of Ordinance 44 are unjustly depriving the property owners of the use of their lots. We disagree.

■ This court has stated that a party which questions the substantive validity of a zoning ordinance while requesting a variance from the provisions of the ordinance, seeks a "validity variance." *Somerton Civic Association v. Zoning Board of Adjustment,* 94 Pa. Cmwlth. 271, 503 A.2d 500 (1986). A validity variance differs from a "normal" variance in that the normal variance is granted to adjust the zoning regulation to the particular property. *Hersh v. Zoning Hearing Board of Marlborough Township,* 90 Pa.Cmwlth. 15, 493 A.2d 807 (1985). A validity variance is granted where a zoning regulation is restrictive to the point of confiscation, and the issuance of a variance is necessary to permit a reasonable use of the land. *East Torresdale Civic Association v. Zoning Board of Adjustment,* 85 Pa.Cmwlth. 12, 481 A.2d 976 (1984), *aff'd,* 508 Pa. 614, 499 A.2d 1064 (1985).

■ In order to obtain a validity variance, the applicant must establish that: (1)

the effect of the regulations complained of is unique to the applicant's property and not merely a difficulty common to other lands in the neighborhood; and (2) the regulation is confiscatory in that it deprives the owner of the use of the property. *Id.; Hersh.* The applicant can establish the confiscatory nature of the zoning regulation by proving that the land has no value or only distressed value as a result of the regulation. *Hersh.*

We recognize that Shohola Falls Trails End is the only campsite in the township. Nonetheless, sections 528.1 and 528.2 of Ordinance 44 are applicable to all of the lots in Shohola Falls Trails End, not merely to the one property owner seeking to place a recreational vehicle, an enclosed deck and a shed on his lot. We also point out that the board found that Ordinance 44 did not deprive the Shohola Falls Trails End property owners of the use of their lots. To the contrary, George Fluhr testified that each lot could still be used for camping, which was the purpose of Shohola Falls Trails End, not permanent residency. R. at 500. Based upon our review of the record in this case, we conclude that Trails End has not established that it is entitled to a validity variance.

■ Trails End further argues that recreational vehicles are not "structures" and, as such, the property owners should not be subject to the harsh density and setback requirements set forth in sections 528.1 and 528.2 of Ordinance 44. Accordingly, Trails End asserts that it should have been granted a zoning permit. We disagree.

Section 528.1 of Ordinance 44 refers to recreational vehicles for inclusion in the determination of the density of each campsite. In addition, section 528.2 of Ordinance 44 specifically provides that each recreational vehicle shall comply with particular setback restrictions. While sections 528.1 and 528.2 of Ordinance 44 could have been more artfully drafted, we believe that the density and setback requirements were intended to apply to recreational vehicles as well as to "structures." Trails End did not satisfy the requirements of sections 528.1 and 528.2 of

Ordinance 44. Therefore, we conclude that the board did not err in denying Trails End a zoning permit.

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, this 20th day of June, 1996, the order of the Court of Common Pleas of Pike County, dated August 10, 1995, at No. 342–1994, is affirmed.