**Steven and Deb BOYER, Appellants**

v.

**ZONING HEARING BOARD OF FRANKLIN TOWNSHIP, Franklin Township, Ronald Gingrich and Kathleen Gingrich.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 2009.

Decided Jan. 7, 2010.

---

Brian C. Linsenbach, Dillsburg, for appellants.

Stacey R. MacNeal, York, for appellee, Franklin Township.

Kathleen Misturak–Gingrich, Wormleysburg, for appellees, Ronald Gingrich and Kathleen Gingrich.

BEFORE: BUTLER, Judge, and FRIEDMAN, Senior Judge, and QUIGLEY, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Steven and Deb Boyer, husband and wife (Applicants), appeal from the March 6, 2009, order of the Court of Common Pleas of York County (trial court), which affirmed the decision of the Zoning Hearing Board (ZHB) of Franklin Township (Township) denying their variance request. We affirm.

Applicants own approximately forty-two-acres of land on South Mountain in Franklin Township, York County (Property). The Property is located within the Open Space Zone of the Zoning Ordinance of Franklin Township (Ordinance) and the Ordinance's Steep Slope Conservation Overlay (SCO).[1] The SCO applies to all land within the Township that contains areas of fifteen percent or greater slope as well as any plateaus that are surrounded by the steep slopes.[2] Applicants wanted to build a single-family detached home on the Property, a use permitted in an Open Space Zone, and they submitted requests for zoning and building permits, which were conditionally issued by the Township on October 12, 2007. However, the Township zoning officer subsequently wrote to Applicants, stating that the permits were being recalled due to the construction prohibition set forth in section 205.C of the Ordinance, relating to the SCO. Specifically, Applicants sought to build their home on a plateau area of approximately eight and one-half acres, which area is surrounded by steep slopes exceeding fifteen percent. Applicants did not appeal from the

1. Section 202 of the Ordinance provides in part that the Open Space Zone:

seeks to protect environmentally sensitive areas and preserve green contiguous open spaces of the Township that also have significant value for human and natural life. Specifically, forested areas, steep slopes, stream and creek valleys, lakes and floodplains are included. Permitted uses within this Zone encourage the most appropriate conservation/recreation activities for these areas.

Permitted uses in this zone include: agriculture, horticulture and forestry-related uses; cluster residential neighborhood development plans; garages and other accessory structures, natural areas or wildlife refuges, public and nonprofit parks and playgrounds, and single-family detached dwellings and seasonal residences. Conditional uses include: agri-

business, animal husbandry, campgrounds and facilities, commercial livestock operations, riding schools and horse boarding stables, sawmills and shooting ranges.

2. Section 205 of the Ordinance provides in pertinent part:

A. General Standards. The (SCO) Steep Slope Conservation Overlay standards apply to all land within the Township which contains areas of fifteen percent (15%) or greater slope. This also includes any plateaus that are surrounded by the steep slopes.

. . .

C. Construction prohibition. All structures, buildings, parking compounds, streets and other substantial improvements, with the exception of utilities, shall be prohibited in areas with a pre-development slope of fifteen percent (15%) or greater.

zoning officer's determination but, instead, applied for a variance from the Ordinance's restrictions.

Following hearings, the ZHB issued a written decision denying Applicants' application. The ZHB observed: "The physical conditions of Applicants' Property are not the reason for which the variance is sought; rather, the physical conditions dictate application of the Steep Slope Conservation Overlay district to Applicants' Property and it is from the application of those zoning requirements that Applicants seek their variance." (Conclusion of Law No. 14, ZHB's decision, dated May 19, 2008).

The ZHB then concluded that Applicants did not meet the standards for a

traditional variance set forth in Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC),[3] that they did not properly apply for a validity variance,[4] and that, in any event, any claim for a validity variance would likewise fail.[5]

Applicants appealed from the ZHB's decision. Ronald and Kathleen Gingrich, who are neighboring property owners, and the Township then filed notices of intervention. The trial court, without taking any additional evidence, affirmed the ZHB's decision by order dated March 6, 2009.

On appeal to this court,[6] Applicants assert that the ZHB abused its discretion or

---

3. Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.

4. This court has said that a party questioning the substantive validity of a zoning ordinance while requesting a variance from its provisions seeks a validity variance. *Shohola Falls Trails End Property Owners Association, Inc. v. Zoning Hearing Board of Shohola Township,* 679 A.2d 1335 (Pa.Cmwlth.1996), *appeal denied,* 548 Pa. 651, 695 A.2d 788 (1997). "[T]o obtain a validity variance, the applicant must establish that: (1) the effect of the regulations complained of is unique to the applicant's property and not merely a difficulty common to other lands in the neighborhood; and (2) the regulation is confiscatory in that it deprives the owner of the use of the property." *Laurel Point Associates v. Susquehanna Township Zoning Hearing Board,* 887 A.2d 796, 801 (Pa.Cmwlth.2005), *appeal denied,* 588 Pa. 766, 903 A.2d 1235 (2006) (citing *Shohola Falls,* among other cases).

Given our reasoning herein, we need not consider the specific question of whether Applicants formally applied for a validity variance.

5. In reaching this conclusion, the ZHB stated, *inter alia,* that Applicants offered no evidence that the Property could not be developed or used in strict conformity with Ordinance provisions; that the physical circumstances and topography of the Property are not unique to Applicants' Property but are shared by other

parcels in the immediate vicinity and elsewhere in the Township; that Applicants failed to prove that the Property's physical characteristics are such that it could not be used for any permitted purpose or that it can be used for a permitted purpose but only at a prohibitive expense; and that Applicants failed to prove the Property's physical characteristics are such that the property would have no value or only distress value for any use allowed by the Ordinance. The ZHB also concluded that any burden or hardship on Applicants' Property is due to circumstances or conditions that were generally created by the SCO provisions in the neighborhood, area or district in which the Property is located and that, if a variance were granted for construction of a residence, the essential character of the neighborhood and district in which the property is located would be altered contrary to the purposes of the SCO.

We note that the ZHB found that Applicants have used their Property for harvesting, sawing and selling timber. (Finding of Fact No. 21, ZHB's decision dated May 19, 2008). This finding is supported by substantial evidence. (*See* Testimony of Ronald Gingrich, R.R. at 295a.)

6. Where a trial court has taken no additional evidence, our scope of review is limited to deciding whether the ZHB committed an abuse of discretion or an error of law. *Taliaferro v. Darby Township Zoning Hearing Board,*

committed an error of law by refusing to grant Applicants a variance for construction of their home on a plateau at the top of South Mountain, within the confines of the SCO. Applicants contend that this case involves a validity variance, but acknowledge that a party seeking such a variance must also comply with the "traditional" variance requirements. *See, e.g., Laurel Point Associates v. Susquehanna Township Zoning Hearing Board,* 887 A.2d 796 (Pa.Cmwlth.2005), *appeal denied,* 588 Pa. 766, 903 A.2d 1235 (2006).

In that regard, section 910.2 of the MPC provides in relevant part:

(a) The [ZHB] shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. The [ZHB] may by rule prescribe the form of application and may require preliminary application to the zoning officer. The [ZHB] may grant a variance, provided that all of the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property *and that the unnecessary hardship is due to*

*such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.*

53 P.S. § 10910.2 (emphasis added);[7] *see also* Section 602.D.1 of the Ordinance (restating the standards necessary for a variance set forth in the MPC).

In support of their position, Applicants contend that their forty-two-acre mountaintop tract is unique because it includes an eight-and-one-half-acre plateau on which a house could be built, surrounded by steep slopes which in some cases exceed fifteen percent. They also argue that it is impossible to develop their property in strict conformity with the Ordinance because their parcel lies within a SCO that prohibits substantial improvements[8] if the property contains slopes of fifteen percent or more, and the portion of the tract beyond the plateau contains such slopes, which cannot possibly be leveled to fit within SCO requirements. Applicants point out that they did not create this unnecessary hardship and that they should be excused for their failure to realize their parcel was subject to the SCO zone because a single-family home already existed near the base of the mountain,[9] and the area was otherwise zoned for single-family dwellings.[10]

---

873 A.2d 807 (Pa.Cmwlth.), *appeal denied,* 585 Pa. 692, 887 A.2d 1243 (2005); *Hersh v. Zoning Hearing Board of Marlborough Township,* 90 Pa.Cmwlth. 15, 493 A.2d 807 (1985).

7. Other relevant findings would include:
(2) because of such physical circumstances or conditions the property cannot be developed in strict conformity with the provisions of the zoning ordinance and a variance is necessary to enable the reasonable use of the property; (3) the hardship is not self-inflicted; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought

is the minimum variance that will afford relief.
*Solebury Township v. Solebury Township Zoning Hearing Board,* 914 A.2d 972, 975–76 n. 6 (Pa.Cmwlth.2007).

8. Substantial improvements are prohibited with the exception of utilities. *See* section 205 of the Ordinance.

9. This home predates the zoning plan. (R.R. at 107a.)

10. Applicants further maintain that, because the "neighborhood" already contains a single-family residence as well as a cabin, and Welty

 

Having considered Applicants' argument, we note that it is striking for what it does *not* purport; Applicants do not argue that the unnecessary hardship has not been caused by "the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located." Section 910.2(a)(1) of the MPC, 53 P.S. § 10910.2(a)(1). Presumably, Applicants fail to make this argument because they cannot legitimately do so where even they admit that they "are unable to use the tract they own to erect a house because of the Steep Slope Overlay Regulation." (Applicants' brief at 19.) In other words, if it were not for the fact that the Property was within the SCO, there is no question that Applicants could erect their single-family residence on an eight-and-one-half-acre plateau in the Open Space Zone. Given Applicants' failure to show that their unnecessary hardship arises from the unique physical circumstances of their property as opposed to the circumstances generally created by the Ordinance, an undoubtedly relevant criterion, we cannot agree with Applicants' assertion that the ZHB abused its discretion or committed legal error in denying their variance request.

Accordingly, we affirm.

### ORDER

AND NOW, this 7th day of January, 2010, the Order of the Court of Common Pleas of York County, dated March 6, 2009, is hereby affirmed.

CONCURRING OPINION BY Senior Judge QUIGLEY.

The Board and Court made and considered a record adequate to affirm the lower

Road, a private right-of-way, connects the main road to the mountaintop, a variance would not alter the essential character of the area; moreover, if granted the variance, their

court action. But for the Open Space Ordinance and its Steep Slope Conservation Overlay, a variance was probably appropriate and maybe not even required. The Board presumably considered the existence of a road "to the top" as not adequate to address steep slope concerns.

With this brief statement of concern for the fact that an 8–acre "flat spot" within an overall 42–acre tract, otherwise adequate for a house, is not available for one, I nevertheless feel constrained to concur in the majority opinion.

single-family home would be akin to the home nearby and would represent the minimum variance necessary to afford relief.