**In re Appeal Of Bruce Jones**

C.P. of Montgomery County, no. 2009-19869.

*Julie L. Vonsprecklesen*, for appellant.

*Carol M. Lauchmen and Catherine M. Harper,* for appellees.

PAGE, *J.,* and TILSON, *J.,*  June 28, 2010—Appellant, Bruce Jones, appeals from this court's order dated February 26, 2009, which affirmed the Upper Moreland Township's Zoning Hearing Board's decision dated May 5, 2006, wherein the zoning board denied appellant's application for a use variance to conduct his Allstate Insurance Agency from his residential property.

Appellant is the owner of the property at 517 West Moreland Road, located in Upper Moreland Township, Willow Grove, Pennsylvania. The property is zoned R-4 residential, comprises 25,000 square feet, and consists of a large single-family home, a detached garage and an asphalt parking area. The property has two street frontages — West Moreland Road and Cameron Road — with access limited to Cameron Road. Neighboring properties along Moreland Road include professional, commercial, and single-family and multi-family residential uses. Cameron Road consists of a neighborhood of single-family dwellings.

In appellant's original application, he proposed to relocate his Allstate Insurance Agency on the property. Appellant applied to the zoning board for a use variance to permit a professional office use in the R-4 residential district, a parking variance to allow four parking spaces, rather than the required eight parking spaces, and a design variance from the requirement to plant a strip along the

residential district. After two hearings, May 28, 2009 and June 11, 2009, the zoning board denied all requested relief. Appellant appealed the original decision to this court and on July 22, 2009, this court ordered the appeal be remanded, thereby allowing appellant to present additional evidence to the zoning board.

On remand, appellant withdrew the parking and design variance requests. After hearing additional evidence on September 10, 2009, the zoning board again denied appellant's application in a decision dated September 24, 2010. The zoning board based its denial on its finding that appellant failed to meet his burden of proof that the use would not be contrary to the public health, safety, and welfare due to the possibility of increased traffic to the residential area. Appellant appealed the September 24, 2009 decision to this court, and Upper Moreland Township intervened as an interested party.

## ISSUES

Appellant filed the instant appeal on May 19, 2010 and raised the following issues in his concise statement of matters complained of on appeal, filed on May 19, 2010:

1. The landowner provided substantial competent evidence satisfying all five criteria specified by section 910.2 of the Pennsylvania Municipalities Planning Code, 53 P.S. § 10910.2, for the grant of variances, reflected in the Zoning Hearing Board's own conclusion that unnecessary hardship was proven.

2. The Zoning Hearing Board abused its discretion by denying the variance based on existing traffic safety issues unrelated to the proposed professional office use.

3. The only competent and relevant evidence of record demonstrated that landowner's proposed professional office use would generate the same amount of traffic as a permitted single-family residential use, and would have no greater impact on the public health, safety, and welfare than a permitted residential use.

4. The Zoning Hearing Board's finding that the proposed professional office use would be detrimental to the safety and welfare of adjacent properties because of increased traffic in a residential area is not supported by any evidence contained in the record, and is an abuse of discretion.

5. The Zoning Hearing Board's denial of the use variance results in a confiscatory taking of landowner's property.

## STANDARD OF REVIEW

In an appeal from a decision of a Zoning Hearing Board, where the trial court accepts no new evidence, the standard of review is whether the zoning board abused its discretion or committed an error of law in reaching its decision. *Moy v. Zoning Hearing Bd. of Municipality of Monroeville*, 912 A.2d 373 (Pa.Cmwlth. 2006); *Schultheis v. Board of Supervisors of Upper Bern Township*, 727 A.2d 145, 148 (Pa.Cmwlth 1999). A zoning board will be found to have abused its discretion only upon a showing that its findings are not supported by substantial evidence in the record. *Id.* Substantial evidence is defined as that which a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Ass'n v. Zoning Hearing Bd. of Adjustment*, 501 Pa. 550, 555, 462 A.2d 637, 640 (Pa. 1983). In reviewing a record demonstrating substantial

evidence, the court is bound by the zoning board's findings which resolve questions of credibility and weigh evidence, and may not substitute its own judgment for that of the board. *Zoning Hearing Bd. of Sadsbury Township v. Bd. of Supervisors of Sadsbury Township*, 804 A.2d 1274, 1278 (Pa.Cmwlth. 2002).

## ANALYSIS

*Appellant's objection that the zoning board failed to recognize that appellant satisfied his burden of proof for a grant of a variance under section 910.2 of the Pennsylvania Municipalities Planning Code, and that the zoning board committed an abuse of discretion and/or an Error of Law by Relying on Unsubstantiated Traffic Concerns Unrelated to the Proposed Professional Office Use.*

In his concise statement, appellant asserts (1) that he provided substantial competent evidence satisfying all five criteria specified by section 910.2 of the Pennsylvania Municipalities Planning Code for the grant of variances which is reflected in the zoning board's own conclusion that unnecessary hardship was proven, and (2) that the only competent and relevant evidence of record demonstrated that appellant's proposed professional office use would generate the same amount of traffic as a permitted single-family residential use, and would have no greater impact on the public health, safety, and welfare than a permitted residential use. Further, appellant asserts that when the board (1) denied the variance based on existing traffic safety issues unrelated to the proposed professional office use, and (2) found that the proposed office use would be detrimental to the safety and welfare of adjacent property because of increased traffic in a residential area, the board committed an abuse of discretion and/or error of law,

because the findings were not supported by any relevant and competent evidence contained in the record. Although appellant sets forth these issues separately in its concise statement, this court shall discuss these four issues together because the analysis is similar.

The applicant for the variance has the burden of proving that the reasons for granting the variance are "substantial, serious and compelling." *Valley View Civic Assn*, at 555, 462 at 640. Section 910.2 of the Municipal Planning Code the Zoning Board provides that:

> [t]he board may grant a variance, provided that all of the following findings are made where relevant in a given case: (1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located. (2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property. (3) That such unnecessary hardship has not been created by the appellant. (4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare. (5) That the

variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

53 P.S. §10910.2. Section 23.03 of the Upper Moreland Code further states that "[a]n applicant...shall have the burden of establishing that the provisions of the zoning code inflict unnecessary hardship...and that the application will not be contrary to the public health, safety and welfare." In deciding whether a variance is contrary to the public health, safety and welfare, the

> Zoning Hearing Board shall consider whether the application, if granted, will: (a) Be detrimental to appropriate use of adjacent property; (b) Cause undue congestion or danger to pedestrian or vehicular traffic; (c) Endanger the safety of persons or property by location or design of the facilities for ingress and egress; (d) Increase the danger of fire or otherwise endanger the public safety; (e) Overcrowd the land or create an undue concentration of population, or otherwise be contrary to the Township Comprehensive Plan, or sound land use planning principles; (f) Impair an adequate supply of light and air to adjacent property; (g) Adversely affect transportation...(h) Adversely affect the public health, morals, safety or general welfare; (i) Be contrary to the spirit, intent and purpose of this ordinance.

10 UPMC §23.03.

The zoning board found that though appellant established hardship, he failed to sustain his burden of proof on other criteria set forth in the Municipalities Planning Code and the Upper Moreland Township Code, specifically with regard to the safety and welfare of the public. (Findings, Opinion and Order p. 4) Appellant's

position is that he sustained his burden, yet the zoning board improperly denied the variance relying upon the unsubstantiated claims of existing traffic safety issues raised by the objectors.

In *Pennsy Supply, Inc. v. Zoning Hearing Bd. of Dorrance Township*, the Pennsylvania Commonwealth Court held that objectors' testimony about the negative impact of the proposed expansion on their lives, health, the environment, noise, water quality, and the safety of the community was not speculative and constituted substantial evidence by which the zoning board could deny a variance. *Pennsy Supply, Inc. v. Zoning Hearing Bd. of Dorrance Township*, 987 A.2d 1243 (Pa.Cmwlth. 2009). Though the court in *Pennsy* stated in dicta that had the applicant applied for a new use, the testimony would be more likely to be speculative, the court held that the objectors' testimony, when based on personal experiences, could hardly be considered speculative. *Id.* In addition, finding that the lay witness' testimony was sufficiently persuasive and not less valuable than expert evidence, the court upheld the zoning board's decision. *Id.* Similarly, this court upheld the zoning board's decision finding that the objector's testimony about the negative impact of the proposed use on traffic and safety was not speculative and constituted substantial evidence.

The zoning board properly found that appellant did not satisfy his burden because appellant failed to provide sufficient evidence that the variance would not be contrary to the public health, safety, and welfare of the community. (N.T. 9/24/10 p. 11) Specifically, appellant failed to prove that the proposed use would not increase undue congestion or danger to pedestrians or vehicular traffic, and endanger the public safety. The record revealed that the board heard

from objectors from the neighborhood, who testified to the past and current traffic and safety concerns, specifically the serious accidents, some resulting in death, and the unsafe nature of the intersection. *Id.* (N.T. 9/10/08 p. 81-82) (N.T. 9/10/08 p. 88) The objectors also testified that by changing the residence into a professional office, these traffic and safety incidents would increase. (N.T. 9/10/08 p. 81-82) (N.T. 9/10/08 p. 88) Finding that there were already safety issues existing at the corner of Moreland Road and Cameron Road which would be exacerbated by appellant's proposed uses, especially as appellant's insurance business grows and expands, the zoning board denied appellant's variance request. (Findings, Opinion and Order p. 3) (N.T. 9/24/10 p. 8) Upon careful review of the evidence, this court finds that appellant was unable to meet his burden as weighed against the concerns of the residents, and concludes that the findings of the zoning board are supported by substantial evidence.

The board properly found that appellant failed to satisfy his burden of proving the criteria set forth in the Municipal Planning Code and the Upper Moreland Code because substantial evidence shows that appellant's proposed use would exacerbate the safety issues already present at the intersection. (Findings, Opinion and Order p. 3) In discussing the present state of the intersection at Cameron and Moreland Roads, a resident, Mr. Luecke, compared the intersection to an insane asylum. (N.T. 5/28/09 p. 38) He testified that that area was especially dangerous because many children reside in the area. (N.T. 5/28/09 p. 38) Mr. DeLaurentis, a resident whose home faces the property, testified to the decreased line of sight afforded at Cameron and Moreland Road which has caused several accidents, some involving fatalities. (N.T. 5/28/09 p. 45) Other

incidents in the area involved multiple-car accidents. (N.T. 9/10/20 p. 82) Mr. Delaurentis also testified that because of the hill-like nature of the intersection, traffic and safety concerns at the intersection are particularly, heightened in the winter when conditions are icy. (N.T. 9/10/09 p. 83) Additionally, Mr. DeLaurentis testified that there will be more accidents if more people turn left and attempt to cut through to route 611. (N.T. 9/10/09 p. 83-84)

Appellant offered no evidence to refute the objectors' safety and traffic concerns or sustain his burden of proving that the requested use would not be contrary to the public health, safety, and welfare of the neighbors. (N.T. 9/24/09 p. 11) Instead, appellant offered, and the zoning board accepted, testimony from the Eighth Edition of the "Institution of Traffic Engineers Trip Generation Report for Single Family Homes" which indicated that single family dwellings would generate on average, 9.57 trips per day. (Findings, Opinion and Order p. 2) Appellant juxtaposed this daily traffic with the four or five car daily traffic at appellant's actual Allstate business, located two doors down from the property at issue. Appellant argues that this evidence satisfied his burden. (N.T. 9/10/09 p. 52-54) Appellant also testified that of the four or five potential visitors, four would be his employees and himself, and if his business were to expand, it would not result in more traffic because most of his business is conducted over the internet and telephone. (N.T. 9/10/09 p. 67-68) The zoning board was not persuaded by appellant's testimony and found his traffic comparison insufficient to disprove the public concern. (N.T. 9/24/09 p. 11) Furthermore, the zoning board weighed the appellant's testimony against that of the concerned residents and found that appellant failed to meet his burden of proof that the use would not

be detrimental to the community. (N.T. 9/24/09 p. 12) (Findings, Opinion and Order p. 3)

Despite appellant's offer to mitigate the safety concerns by putting up a "No Left Turn" sign, other safety concerns remain. (N.T. 9/10/09 p. 84-85) Mr. DeLaurentis testified that accidents may result from drivers seeking to make a quick left or right after seeing appellant's business sign. (N.T. 9/10/09 p. 85) Mr. Luecke, testified that a "No Left Turn" sign will force drivers through the neighborhood located on Cameron Road where children often play haphazardly, (N.T. 9/10/09 p. 94) Mr. Gilligan, a resident who has lived on Cameron Road, two blocks from Moreland Road, since 2006, also voiced his concerns about the actual enforcement of the sign once it is there; especially considering that due to the dangerous nature of the intersection it may be more prudent for people to ignore the sign. (N.T. 9/10/09 p. 95-96) In addition to the fact that the record is devoid of any evidence or testimony that the proposed use would not be detrimental to the public health, safety, and welfare of the community, the above testimony constituted substantial evidence to support the board's finding that the safety issues would be exacerbated by appellant's proposed use. (N.T. 9/24/09 p. 11) (Findings, Opinion and Order p. 3)

Since the above testimony provides a substantial basis for the board's decision, analysis of the other requirements under the Municipal Planning Code is not necessary. Based on a careful review of the evidence, this court found that the board did not err in finding that appellant failed to sustain his burden of proof. Appellant offered no substantial evidence that proved the traffic would not adversely affect the community and the objectors' competent, relevant testimony challenging appellant's proposed use, made it

difficult for appellant to overcome the burden required for the board to grant a variance. As such, this court found that the board correctly determined that appellant failed to sustain his burden of proving the criteria as set forth in the Municipalities Planning Code and the Upper Moreland Township Code, specifically with regard to the safety and welfare of the community.

*Appellant objects to board's decision as it results in a confiscatory taking of appellant's property.*

In his concise statement, appellant asserts that the board's denial of the use variance results in a confiscatory taking of appellant's property. When a zoning regulation is restrictive to the point of confiscation, the issuance of a validity variance is necessary to permit a reasonable use of the land. *Shohola Falls Trails End Property Owners Ass'n., Inc. v. Zoning Hearing Bd. of Shohola Township*, 679 A.2d 1335, 1341 (Pa.Cmwlth. 1996). However, any party seeking a validity variance must also comply with the variance requirements set forth in section 910 of the Municipal Planning Code. *Boyer v. Zoning Hearing Bd. of Franklin Township*, 987 A.2d 219, 221-222 (Pa.Cmwlth. 2010); *Laurel Point Ass. v. Susquehanna Township Zoning Bd.*, 887 A.2d 796, 801 (Pa.Cmwlth. 2005); *Boundary Drive Ass'n v. Shrewbury Township Bd. of Supervisors*, 473 A.2d 706, 708 (Pa.Cmwlth. 1984), *aff'd*, 491 A.2d 86 (Pa. 1985). As stated above, though the board found that appellant proved a hardship, appellant has failed to meet all of the requirements of the Municipalities Planning Code. (Findings, Opinion and Order p. 4) Specifically, appellant did not satisfy the fourth requirement of the Municipalities Planning Board because he failed to prove that the safety issues already existing at the property would not be exacerbated by his proposed use. (Findings, Opinion and

Order p. 3) Even though the board found hardship pursuant to the case law, a validity variance must still comply with the variance regulations of the Municipalities Planning Code, and appellant did not satisfy that burden. Therefore, this court found that the board acted properly and in accord with the law.

## CONCLUSION

For the reasons set forth above, this court's order dated May 5, 2010, which affirmed the Upper Moreland Township's Zoning Hearing Board's decision, dated September 24, 2010, wherein the zoning board denied Bruce Jones' application for a use variance, should be affirmed.